GIFFORD, Appellant, vs. HARDELL, Respondent.

*October 23 — November 13, 1894.*

*Bank-checks: Presentation: Reasonable time: Discharge of indorser.*

1. Checks drawn on a Milwaukee bank were indorsed by defendant and delivered to plaintiff's agent at Dousman on July 17, and the agent at once mailed them to the plaintiff at New Richmond, where they were received on July 18 and at once delivered to a local bank for collection. That bank, having no correspondent in Milwaukee, immediately mailed the checks to its correspondent in Chicago, and from there they were forwarded to Milwaukee, but were not presented for payment until July 21. The bank upon which they were drawn had then failed, having closed its doors at the usual hour on July 20. If the checks had been sent directly to Milwaukee from New Richmond they would have arrived in time for presentation on July 20, and if then presented would have been paid. *Held,* that they were not presented within a reasonable time after their indorsement and delivery by defendant, and that he was not liable as indorser thereon.

2. The period of reasonable time for presentation, as between the plaintiff and the defendant as indorser, began when the checks were delivered to plaintiff's agent.

3. In general, when a check is received in a place distant from the place where the bank on which it is drawn is located, the rule of diligence requires that it should be forwarded to the latter place on the next secular day after its receipt, and be presented for payment on the day after it has reached such place by due course of mail.

APPEAL from the County Court of *Waukesha* County.

This action was brought to recover against the defendant, as indorser, the amount of four checks drawn on the Commercial Bank of Milwaukee by one Musselman, in favor of divers persons, and which had been indorsed to the defendant, who on the 17th of July, 1893, sold and indorsed them to the plaintiff. They were indorsed and delivered to the plaintiff's father at Dousman, Waukesha county, Wis., who at once mailed them to the plaintiff at New Richmond, Wis. The checks were not presented for payment until the 21st of July, when the Commercial Bank had failed, and were protested for nonpayment.

The only question was whether the plaintiff, or his agent, the Manufacturers' Bank of New Richmond, Wis., which undertook the collection of the checks, used due diligence in presenting them for payment. They were forwarded to the plaintiff at New Richmond, by his father, on the day they were indorsed, and received by him, by due course of mail, July 18th, at 5 o'clock P. M., and were at once delivered to said Manufacturers' Bank for collection. It immediately inclosed and mailed the checks to its bank correspondent in Chicago for collection, according to its usual custom, having no regular bank correspondent in Milwaukee. They were received and forwarded by the National Bank of Illinois, of Chicago, to Milwaukee, Wis., but were not presented for payment until the 21st of July. The Commercial Bank of Milwaukee, upon which they

were drawn, failed, closing its doors at the usual hour on the 20th of July. There was a direct mail route from New Richmond to Milwaukee, and thence to Chicago, the latter city being about eighty-five miles south of Milwaukee. The evening mail of the 18th of July at this time left New Richmond at 8:41 P. M., and would have reached Milwaukee at 11 o'clock in the forenoon of the 19th, and Chicago at about 1 o'clock of the same day; and the checks arriving at Milwaukee, as above stated, could have been presented for payment at 10 o'clock in the morning of the 20th, while the bank on which they were drawn was honoring its checks. The court held that sending them by way of Chicago for collection was not the use of reasonable diligence in presenting them for payment, and directed a verdict for the defendant, and from a judgment thereon in favor of the defendant the plaintiff appealed.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

*Warham Parks*, for the respondent.

PINNEY, J. The same rules which exist in relation to the necessity of presentment and notice, in order to charge the indorser of bills of exchange in general, apply as well to an indorser of a check. A check on a bank is presumed to be drawn against deposited funds, and, unlike a bill of exchange, which need not be drawn on a deposit, is generally designed for immediate payment and not for circulation. For this reason it is of greater importance than in the case of a bill that a check shall be promptly presented and the drawer notified of nonpayment, so that he may speedily inquire into the cause of refusal and take prompt measures to secure his funds deposited in the bank. The indorsers of bills and of checks stand on the same footing in reference to the effect of delay or failure in making presentment or giving notice of nonpayment, and are absolutely and en-

tirely discharged if presentment be not made within a reasonable time; and this rule applies as between an indorser and indorsee, as in the present case.

It is plain from the facts that, if the bank at New Richmond had forwarded the checks direct to Milwaukee for collection, they would have been received, at the furthest, in time for presentation and payment on the 20th of July, and while the bank on which they were drawn was transacting its usual business; and it appears that it had ample funds of the drawer with which to have paid them. The period of reasonable time for presentation, as between the plaintiff and the defendant as indorser, undoubtedly began when the checks were delivered to the plaintiff's father for him, at Dousman, Waukesha county, Wis., on the 17th of July. Daniel, Neg. Inst. §§ 1586, 1587, and cases in notes. The drawer of a check cannot rightfully withdraw his funds necessary for the payment of it upon proper presentation, and it would be unjust to hold that, however long the holder might permit the fund to remain, it should be at the drawer's risk. Hence, the check must be presented within a reasonable time or the indorser will be discharged, and the fund is at the risk of the holder if he permits the deposit to remain. No transfer, or series of transfers, can prolong the risk of the drawer or indorser beyond this period, though each party is allowed the same period as between himself and his immediate predecessor that the payee had as between himself and the drawer; for no transferee can stand on any better footing than his transferrer in respect to the time within which the check must be presented in order to render the drawer's or previous indorser's liability absolute in the event of the failure of the bank. Daniel, Neg. Inst. § 1595, and cases in note.

The rule of diligence as between indorsee and indorser is the same as between payee and drawer. This requires, in general, that, where the payee receives the check from the drawer in a place distant from the place where the

bank on which it is drawn is located, it will be sufficient for him to forward it by post to some person at the latter place on the next secular day after it is received, and then it will be sufficient for the person to whom it is thus forwarded to present it for payment on the day after it has reached him by due course of mail. When the defendant delivered the checks, properly indorsed, at Dousman, Wis., on the 17th of July, he had a right to assume and expect that the plaintiff or his father would present them for payment within a reasonable time, and they took the risk of making such presentment. Instead, they were sent several hundred miles to the northwest of Milwaukee, to New Richmond, and then back *through* Milwaukee to Chicago, and were then returned to Milwaukee for payment on the 21st, as before stated. It is clear that they were not presented for payment within a reasonable time after indorsement and delivery by the defendant, and the judgment of the county court was therefore correct. *First Nat. Bank v. Miller*, 37 Neb. 500, and cases cited.

*By the Court.*— The judgment of the county court is affirmed.