## GREGG & CO. *vs.* J. H. BEANE.

October Term, 1895.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Custom and Law—Due Diligence in Presenting Check.*

The payee of a check drawn upon a bank in another place should forward it for collection, by the next secular day after he receives it, to some person in the place where such bank is located, who should present it for payment by the day after it has reached him in due course of mail.

Where a check which would have been paid had it been forwarded and presented in accordance with this rule, arrives too late for collection in consequence of being forwarded through various collecting banks, though in the usual course of business, the drawer is released.

The fact that a check was forwarded for collection in the usual way is not conclusive upon the question of diligence. When the facts are found, due diligence is a question of law.

No. 38, Acts of 1896, was passed upon announcement of this decision.

GENERAL ASSUMPSIT. Pleas, the general issue, payment and notice of special matter. Trial by court at the June Term, 1895, Addison County, *Ross*, C. J., presiding. Judgment for the plaintiffs. The defendant excepted.

*W. W. Ryder* and *W. H. Bliss* for the defendant.

There was nothing to prevent the plaintiffs' sending the check directly, as the law requires; in which case it would have been paid. They chose to send it circuitously, through three intermediate banks, at a loss of three or more days, one at least of which was vital. There was a lack of due diligence and the loss should fall on the plaintiffs. *Purcell* v. *Allemong*, 22 Gratt. (Va.) 739; *Smith* v. *Miller*, 43 N. Y. 171; 2 Morse on Banks, § 421; *Himmelmann* v. *Hotaling*, 40 Cal. 111; *Hazelton* v. *Colburn*, 1 Robertson (N. Y.) 345, 348; *Jackson Ins. Co.* v. *Sturges*, 12 Heisk. (Tenn.) 339.

The finding by the court below "that the plaintiffs in collecting said check pursued the ordinary and usual course, and that there was in that course no unusual or unnecessary delay in forwarding the check for collection," was without the province of the court as finders of fact and is nugatory. The question whether there was unnecessary delay, upon the facts found, is purely a question of law. The rule covering this case is laid down in 2 Morse on Banks (3 ed.) §§ 421, 421 (c); 2 Dan. Neg. Inst. p. 619, §§ 1590, 1592; Byles on Bills (Wood's ed. 1891) 20; 3 Rand. Com. Pap. § 1106; Story, Pr. Notes, § 493; Bigelow, Bills Notes and Cheques, 55, 56. The intermediate banks were the plaintiffs' agents. *Exchange National Bank* v. *Third National Bank*, 112 U. S. 276.

*Button & Button* and *Stewart & Wilds* for the plaintiffs.

All that was required of the plaintiffs was reasonable diligence, and that is a mixed question of law and fact.

Upon this point the English and American cases are uniform. *Rickford* v. *Ridge*, 2 Camp. 537; *Serle* v. *Norton*, 2 Mood. & R. 401; *Bond* v. *Warden*, 1 Colly. 583; *Hare* v. *Henty*, 30 L. J. C. P. 302; *Hopkins* v. *Ware*, L. R. 4 Ex. 268; Chalmer's Bills of Exchange Act, No. 74; *Ritchie* v. *Bradshaw*, 5 Cal. 228; *Bridgeport Bank* v. *Dyer*, 19 .Conn. 136; *Allen* v. *Kramer*, 2 Ill. App. 205; *Montelius* v. *Charles*, 76 Ill. 305; *Marrett* v. *Brackett*, 60 Me. 524; *Selby* v.

*McCullough*, 26 Mo. App. 66; *Middletown Bank* v. *Morris*, 28 Barb. 616; *Mohawk Bank* v. *Broderick*, 10 Wend. 304; *Cox* v. *Boone*, 8 W. Va. 500.

What is reasonable diligence is a question of fact, depending upon the usage of trade and the special circumstances of the case. Where one holds a check drawn on a distant bank the courts have been unwilling to adopt a general rule. The result of the cases seems to be this: The party receiving the check has a clear day for presenting or forwarding it. If instead of presenting he forwards it, was he acting reasonably in so doing? See cases *supra* and *Brown* v. *Olmsted*, 50 Cal. 162; *N. Y. R.* v. *Smith*, 4 N. J. L. J. 34; *Jackson Ins. Co.* v. *Sturges*, 12 Heisk. (Tenn.) 339; *Wallace* v. *Agry*, 4 Mason, 336; *Stephens* v. *McNeill* 26 Barb. 651.

Consequently, whether reasonable diligence has been used is a mixed question of law and fact to be decided by the jury under the direction of the court. Norton, Bills and Notes, 256, 257; Wood's Byles on Bills, 183, and cases *supra*.

In all cases where a general custom exists in regard to the time and manner of presentment it is conclusive upon the question of reasonable diligence. *Bond* v. *Warden, supra; Hare* v. *Henty, supra; Prideaux* v. *Criddle*, L. R. 4 Q. B. 455; *Appleton* v. *Sweetapple*, 3 Dougl. 137; Bills of Exchange, Act, No. 74; *Merchants' Bank* v. *State Bank*, 10 Wall. 604, 651; *Marrett* v. *Brackett, supra*.

The County Court as triers of fact have found that the plaintiffs did use reasonable diligence. This finding is conclusive.

MUNSON, J. The plaintiffs claim to recover the amount of a check drawn in their favor by the defendant on S. M. Dorr's Sons, private bankers at Bristol, Vt., and mailed them in payment of an indebtedness. The check was received by the plaintiffs at their place of business in Trumansburg, N. Y., on the ninth of August, and was forwarded on the same day to the First National Bank of Ithaca, N. Y., for collection. On the tenth of August the

bank at Ithaca mailed the check for collection to its reserve agent, the Fourth National Bank of New York City. This bank received it on the eleventh of August, and on the twelfth mailed it for collection to the Merchants National Bank of Burlington, one of the banks through which it made its collections in Vermont. The thirteenth was Sunday. The Burlington bank received the check on the morning of the fourteenth, at an hour which did not permit of its being sent to Bristol by the morning mail of that day. The banking-house of S. M. Dorr's Sons closed its doors on the fourteenth at ten o'clock in the forenoon.

It is found that twenty-four hours is required for the transmission of mail between Trumansburg and Bristol; and, in the absence of any statement as to the hours of departure and arrival, it must be assumed from this general finding that a letter mailed in Trumansburg to a correspondent in Bristol would be received on the following day. There is no special finding in regard to mails from Ithaca, but it is evident from its location and connections that it is within the facts found in regard to Trumansburg. It appears then that if the Ithaca bank had mailed the check directly to some one in Bristol, it would have been received on the eleventh, and would have been presented by the twelfth, and paid. No claim inconsistent with this view is made in argument.

It is found that in collecting a check in the usual way the payee deposits it in a local bank, and that the local bank sends it to its reserve bank in Boston, New York, Albany or Troy, and that the reserve bank sends it to its correspondent bank nearest the bank on which the check is drawn, and that the correspondent bank sends it to the drawee. It is found, however, that in some cases a reserve bank receiving a check for collection sends it directly to the bank on which it is drawn; but it is also found that if this course had been pursued in the present instance, the check would not have reached Bristol in due course of mail until

after the suspension. It is further found that in collecting this check the plaintiffs pursued the usual and ordinary course, and that there was not, in that course, any unusual or unnecessary delay.

The plaintiffs claim that the finding of the court below that this check was forwarded for collection in the usual way is conclusive upon the question of diligence. But this cannot be so, unless it be considered that any change of method which grows into a settled practice, of itself works a modification of the law. It can hardly be claimed that custom is so exclusively the test of diligence that the adoption of a particular practice by any class of business men leaves nothing for the determination of the court. When the custom of one period has resulted in the adoption of a definite legal rule, the development of a new custom will not effect a modification of the rule in advance of judicial sanction. The case shows the manner in which this check was forwarded for presentment, and when the facts are found due diligence is a question of law.

The rule in its most general statement requires the payee of a check to present it for payment with reasonable diligence. But the law goes further than this general statement, and determines what reasonable diligence is under ordinary circumstances. When the case presents only the simple facts of time, location and stated means of communication, the question of liability is to be determined by an application of the more definite rule. It is only when the case presents special circumstances which are claimed to warrant further delay, that the court is left without other guidance than the general requirement. This case discloses nothing in the nature of an excuse for delay.

It is well settled that a check must be presented to the bank on which it is drawn if the bank be in the same place with the holder, or forwarded by mail if the bank be in another place, by the next secular day after it is received, and that the depositing of the check in a local bank for

collection does not give the holder the benefit of an additional day. So this check was forwarded neither earlier nor later than the law required; and the controversy is confined to the question whether it was forwarded in the proper manner. As presented by the findings, the question is whether the local bank was justified in forwarding the check through its New York correspondent. The defendant sustained no harm from the course taken by the New York bank in sending it to Burlington.

It is said in Daniel on Negotiable Instruments that when the payee receives a check from the drawer in a place distant from the place where the bank on which it is drawn is located, it will be sufficient if he forward it by post to some person in the latter place on the next secular day after it is received, and if the person to whom it is thus forwarded present it for payment on the day after it has reached him by due course of mail. If this be accepted as a correct statement of the rule, it would seem not to permit the collection through a correspondent so remote as to delay the presentment a day beyond the time so allowed.

It is true that the rule is sometimes stated to be that the check should be forwarded for presentation on the day after it is received, and that the agent to whom it is forwarded must in like manner present it, or forward it, on the day after he receives it. This phraseology might seem to contemplate the collection of a check by means of several agents. But statements regarding the forwarding of a check by successive holders will ordinarily be found to refer to checks drawn for the purpose of being put in circulation, or to questions arising between endorser and endorsee where a check given in payment has been diverted from its proper use. Statements applicable to such cases must not be taken to indicate that the requirement of diligence, as between payee and drawer, will be satisfied by a regular transmission upon successive days, if an improper number of agents be employed.

The rule is ordinarily stated to be that the payee, or the local bank receiving it for collection, must forward it directly to the place of payment. It is said in Byles on Bills that the bank receiving it for collection cannot postpone the time of presentment by circulating it through agents or branches of the bank. In *Moule* v. *Brown*, 4 Bing. N. C. 266, the right of a branch office of the plaintiff bank to send through the home office, in accordance with the custom of the bank, was considered and denied.

We do not find that any modification of the rule as before stated has been recognized in recent cases. In *First National Bank of Wymore* v. *Miller*, 37 Neb. 500 : 40 Am. St. 499, the question was as to the liability of the payee on his endorsement to the bank. The check was deposited on Saturday, the 31st day of May, and was drawn on a bank located at Courtland, 27 miles distant from the bank of deposit, and accessible by two daily mails. On receiving the check the Bank of Wymore mailed it to a bank in St. Joseph, Mo., for collection, and this bank mailed it to a bank in Omaha for collection, and the latter bank mailed it to the bank on which it was drawn. The court said the evidence did not show that this method of presentment was in accordance with any custom of bankers, but said further that if such a custom had been shown it would not have relieved the bank from liability. Without undertaking to lay down any general rule, the court said that in this case Tuesday, June 3d, would have been a reasonable time within which to make presentment. This was in accordance with the rule as stated by Daniel.

In *Gifford* v. *Hardell*, 88 Wis. 538 : 43 Am. St. 925, a check endorsed by the defendant was delivered to the plaintiff's agent at Dousman on July 17th, and was at once mailed to the plaintiff at New Richmond, who received it on the 18th and at once delivered it to a local bank for collection. This bank had no correspondent in Milwaukee, and

immediately mailed the check to its correspondent in Chicago. From Chicago it was forwarded to Milwaukee and presented on the 21st. If the check had been sent directly to Milwaukee from New Richmond it would have arrived in time for presentation on the 20th, and would have been paid. The trial court held that sending the check for collection by way of Chicago was not reasonably diligent, and directed a verdict for defendant. On appeal the judgment was sustained, the court saying that when the defendant delivered the check at Dousman he had a right to expect that the plaintiff or his agent would present it for payment within a reasonable time, instead of which it was sent to New Richmond, several hundred miles northwest of Milwaukee, and then sent back through Milwaukee to Chicago, and from there returned to Milwaukee. The court then stated how a check should be forwarded and presented in such cases; its rule corresponding to that given by Daniel. The rule is similarly stated in *Holmes* v. *Roe*, 62 Mich. 199.

In *First National Bank of Grafton* v. *The Buckhannon Bank*, 80 Md. 475, the plaintiff bank, located at Grafton, West Virginia, received on the 12th of January, in payment of a balance due it, a check on J. J. Nicholson & Sons of Baltimore, and on the same day forwarded it for collection to its correspondent bank in Philadelphia. The Philadelphia bank received it on the thirteenth, and at once mailed it to its correspondent bank in Baltimore. This bank received it on the 14th, and presented it to the drawee on the same day. The Court sustained this presentment, on the ground that the Grafton bank, having sent out the check one day sooner than was necessary, had it in Baltimore for presentment on the day required, notwithstanding its transmission through Philadelphia.

We think that if this rule of commercial law, stated in the various text-books, and affirmed by these recent cases, is to

be modified in derogation of the rights of drawers of checks, it should be done by legislative enactment.

*Judgment reversed and judgment for defendant.*

NOTE.    The disposition of this case was made known during the session of the legislature, and No. 38, Acts of 1896, was then passed.