92   93
93   554

Lloyd, Respondent, vs. Osborne and another, Appellants.

*December 19, 1895 — January 7, 1896.*

*Negotiable instruments: Bank check: Diligence in presenting: Hours of business: Presumptions: Time of receipt.*

1. The rule as to due care in the presentation of a check drawn on a bank at a distant point is satisfied if the check is forwarded by the last mail of the day after its receipt and is presented at any time before the close of business on the day succeeding its receipt at the place of business of the drawee bank.

2. In the absence of any evidence as to when the hours of business closed according to the custom of banks in a certain city, it cannot be assumed that they closed as early as 3 P. M., the hour when a bank at that place suspended business.

3. The payee of a check had been in the habit of receiving letters from the drawers and others through the postoffice at N., though he lived and had his place of business at S., a few miles distant, to which latter place, by his direction, such letters were forwarded by the postmaster at N. in the regular course of the mails. The check was addressed to him at N., and was received there and forwarded to him at S. in due course. *Held* that, with reference to the rule requiring diligence in the presentation of the check, he was not chargeable with its receipt until it arrived at S.

Appeal from a judgment of the circuit court for Clark county: W. F. Bailey, Circuit Judge. *Affirmed.*

On the 17th day of June, 1893, defendants, who were doing business as lumber merchants at Minneapolis, Minnesota, being indebted to the plaintiff for lumber, sent him, on account of such indebtedness, by letter addressed to him at Neillsville, Wisconsin, a check for $500 on the State Bank of Minneapolis. Plaintiff had been in the habit of receiving correspondence from defendants and others through the Neillsville post office,— though he lived and had his place of business at Shortville, a place about nine and one-half miles distant therefrom, between which places there was a tri-weekly mail,— by the letters being forwarded from the

Lloyd vs. Osborne and another.

Neillsville post office, through the regular course of the mails, to the post office at Shortville, without any extra postage. The letter arrived at Neillsville June 19th. The bank failed on the 22d. If the letter had been received by plaintiff on the 19th, and forwarded the next day, it would have been received by the bank to which it was sent for presentment to the drawee bank on the morning of the 21st. The last-named bank stopped doing business at 3 P. M. the next day, at which time defendants had to their credit there a sum in excess of the amount called for by the check. The letter was forwarded from Neillsville to plaintiff at Short-ville, as was the custom, at which place he received it, in due course of the mail and of his business, about the 24th day of June, and on the same day he caused it to be forwarded for collection; but it was not paid, on account of the failure of the bank. It was duly protested and notice thereof given to the defendants.

The facts appeared undisputed, as above stated, at the close of the testimony, and on such facts defendants' attorneys claimed that the check operated as payment of $500, which was the only sum involved in the action, the balance of the indebtedness having been paid subsequent to the forwarding of the check. Plaintiff's attorney moved the court to direct a verdict in his favor, which motion was granted, and the defendants duly excepted. Judgment was entered on the verdict, from which this appeal was taken.

The cause was submitted for the appellants on the brief of *O'Neill & Marsh*, and for the respondent on that of *Chas. F. Grow*, attorney, and *J. R. Sturdevant*, of counsel.

MARSHALL, J. The defense to plaintiff's cause of action, relied upon, turns wholly upon whether plaintiff was guilty of negligence in failing to receive and forward the check for collection in time for presentation to the drawee for payment before the bank failed. If there was such negligence,

plaintiff must bear the loss that would otherwise be caused to the defendants. Daniel, Neg. Inst. § 1587. The law is well settled that due care on the part of the payee of a check drawn on a bank located at a distant point, and received by him through the mails, requires him to forward it by the close of business the next secular day, at the latest, to some person or agency, for presentation to the drawee bank for payment, and that such presentation be made by such person or agency during business hours of the next day, at the latest. Daniel, Neg. Inst. § 1592. The payee is not required to forward the check by the first mail on the next day after its receipt, especially if such first mail is made up before the commencement of business hours on such day. 2 Parsons, Notes & B. 511, note; *Cox v. Boone*, 8 W. Va. 500; Story, Bills, § 290; *Brown v. Ferguson*, 4 Leigh, 50; *Davis v. Hanly*, 12 Ark. 645. The rule of due care is satisfied if the check is forwarded by the last mail of the day after its receipt, and is presented at any time before the close of business the day succeeding its receipt at the place of business of the drawee bank. Chitty, Bills, *419; Morse, Banks (2d ed.), 280; *Holmes v. Roe*, 62 Mich. 199. From the foregoing it clearly appears that, taking the most favorable view of the case for defendants, plaintiff had until the last mail on the 20th day of June to have sent the check forward; and, according to the evidence, if it had been sent by such mail it would not have arrived at Minneapolis in time for delivery to the bank to which it was sent for collection till the morning of the 21st, and such bank would have had until the close of business on the 22d to have presented it to the drawee bank, which suspended at 3 P. M. that day. There is no evidence in the record to show when the hours of business closed according to the custom of banks at Minneapolis in June, 1893. Therefore neither the trial court nor this court can assume that they closed as soon as 3 P. M.; and unless it appears that if the check had been presented at any time before the ex-

piration of the time limited for such presentation in the exercise of due care it would have been paid,— and the burden of proof was on defendants in this regard,— it cannot be said that plaintiff was guilty of negligence from which loss accrued to the defendants.

Though, in the foregoing, the case is considered from the standpoint of defendants' claim that the plaintiff should be held to have received the check at Neillsville on the 19th, the facts do not warrant such a conclusion. The check was not actually received by him until it came to his hands through the mails at Shortville. That was after the bank had suspended, and we are unable to see anything in the record to charge him with negligence because he did not receive it sooner. He had been residing at Shortville for about two years. His mill was there. His principal place of business was there. He had directed the postmaster at Neillsville to forward all mail addressed to him at Neillsville to his proper address at Shortville, and the letter in question was so forwarded without any unnecessary or unusual delay; certainly, without any delay for which he is answerable to the defendants.

It follows that, in any view of the case, the evidence does not show laches on plaintiff's part to the prejudice of defendants, and the evidence on the subject is not such as would have warranted the trial court in submitting the question to the jury. Hence the direction of the verdict in plaintiff's favor was proper.

*By the Court.*— The judgment of the circuit court is affirmed.