GRANGE, Appellant, vs. REIGH and another, Respondents.

*May 25 — June 19, 1896.*

*Bank check: Presentation for payment: Reasonable time.*

The payee of a bank check must present it for payment within a reasonable time in order to preserve his right of recourse to the drawer in case of its nonpayment; and where such payee resides and receives the check at the place where the bank is located, such reasonable time does not extend beyond the close of banking hours on the day succeeding the receipt of the check, excluding Sundays and holidays.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

On the 20th day of July, 1893, defendants were indebted to plaintiff in the sum of $1,211. After banking hours on that.

day, in the city of Milwaukee, where plaintiff resided, defendants gave him a check for the amount of such indebtedness. on the South Side Savings Bank, located in said city. Such check was not presented for payment either on that or the succeeding day, July 21st. The bank was open for business. all of such succeeding day, and would have paid the check had it been presented during that time. The bank did not. open for business after the 21st, by reason of which the check was not paid. This action is to recover the amount. of the check from the drawers. The circuit court decided that, because of the failure to present the check for payment. to the bank within a reasonable time, recourse upon the drawers was lost; and accordingly judgment was rendered for the defendants, and plaintiff appealed.

For the appellant there was a brief by *Elliott, Hickox & Groth,* and oral argument by *E. S. Elliott.* They contended that where the issue is between the drawer and payee of a check which was received by the latter after banking hours,. a reasonable time for presentation should be held to extend to the close of business hours of the day succeeding that on which payment might have been first legally demanded. *Himmelmann v. Hotaling,* 40 Cal. 115.

For the respondents the cause was submitted on the brief of *Rogers & Mann.* They cited 2 Daniel, Neg. Inst. §§ 1590,. 1591; Benjamin, Chalmers, Notes, B. & C. §§ 257, 258; Byles, Bills (7th ed.), 19, 20, and note 2; 3 Am. & Eng. Ency. of Law, 213, and note 3; 2 Parsons, Notes & B. 71, 72; *Gifford v. Hardell,* 88 Wis. 538; *Jones v. Heiliger,* 36 id. 151.

Marshall, J. The settled law applicable to the facts of this case is that, if a person receives a check on a bank, he must present it for payment within a reasonable time, in order to preserve his right of recourse on the drawer in case of nonpayment by the drawee; and that, when such person resides and receives the check at the same place where such

bank is located, a reasonable time for such presentation reaches, at the latest, only to the close of banking hours on the succeeding day, excluding Sundays and holidays. Tiedeman, Com. Paper, § 443; 2 Daniel, Neg. Inst. §§ 1590, 1591, and cases cited; *Lloyd v. Osborne*, 92 Wis. 93. Plaintiff failed to comply with the law in this respect; hence defendants were discharged from all liability to answer for the default of the bank. Such was the decision of the trial court, and it must be affirmed.

*By the Court.*— Judgment affirmed.