LUTHER S. LORD & another *vs.* HINGHAM NATIONAL BANK.

Suffolk.    January 5, 1904. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Agency.    Bills and Notes.    Bank.    Damages.*

If one, to collect a debt, makes a draft on his debtor payable to the order of a certain bank, and delivers it to that bank for collection, and the bank sends it for collection to another bank which fails to use due diligence in its collection, the first named bank is the agent of the maker of the draft and the maker as principal can maintain an action against the last named bank for any loss he has suffered through its negligence.

If a bank receives a draft for collection in a letter of instructions saying "Return at once all items unpaid at maturity. They must not be held for the convenience of parties," and accompanied also by a slip requesting that the draft should not be protested, unless a custom of all banks to retain no protest items even when accompanied by such instructions is proved, it may be found that a failure to return the draft at once when not paid at maturity and holding it for the convenience of the drawee show negligence on the part of the bank, making it liable to the owner of the draft for the damages caused by the failure to return the draft promptly.

In an action against a bank for a failure to return at once on non-payment at maturity a draft which had been sent to it for collection with instructions to do this, if it appears that when the draft matured the acceptor had property open to attachment to an amount much larger than the amount of the draft and did not intend to fail or make an assignment, and that the bank held the draft uncollected for nearly a month when the acceptor failed and made an assignment, the loss of the balance of the amount of the note over the dividend received from the estate of the debtor can be found to be a natural consequence of the failure of the defendant to return the draft promptly and not too remote to be recovered as damages.

CONTRACT OR TORT for damages alleged to have been sustained by the plaintiffs by reason of the defendant's failure to return seasonably a draft which had been sent to it for collection. Writ dated December 21, 1900.

In the Superior Court the case was tried before *Bishop*, J., without a jury. The draft was upon one West who owed the plaintiffs for a car load of hay. It was as follows:

     " Hingham National Bank.

      " No. 15948.

" Car No. 72292      Boston, August 10, 1900.

 " Sixty days after date pay to the order of Second National Bank of Boston $139.09/100 One hundred thirty-nine 09/100 Dollars

 " Value received and charge the same to account x . . . . . x

" To H. R. West            [I. R. S.]

No. k 53 Hingham  Lord & Webster."    [4 c. ]

   National

Hingham, Mass.

Upon it was indorsed the following acceptance hereafter mentioned:

     " August 18, 1900.

      " Accepted.

   " Payable to Hingham National Bank,

     " Hingham, Mass.

      " H. R. West."

The plaintiffs left this draft with the Second National Bank of Boston for collection, and it was transmitted by the Second National Bank to its correspondent the Hingham National Bank, accompanied by a printed letter, of which the following is a copy, the name, the number of the item and the amount being the only portions in writing:

 " The Second National Bank, of Boston, Mass. Boston, 8/17, 1900. Cashier of Hingham National Bank, Hingham, Mass.

 " I beg to hand to you herewith, for favor of collection, for our account, the items listed below. Please acknowledge their receipt.

 " Return at once all items unpaid at maturity. They must not be held for the convenience of parties.

 " Please note any special instructions that may be entered, and advise separately the payment of each item by number.

 " Unless specially directed not to do so, protest all paper which is not paid at maturity.  Respectfully yours,

       " T. Harlan Breed, Cashier.

 " 1091, Oct. 9 note. $139.09."

The draft also was accompanied by a slip specially requesting that it should not be protested. The draft was received by the Hingham National Bank on August 17, 1900, and notice of the draft was sent to West, who accepted it on August 18.

There was further testimony on behalf of the plaintiffs that the draft was not returned by the defendant and that no information was received from the defendant about the draft until November 6, when it was returned by the defendant to the Second National Bank unpaid, and was by the Second National Bank returned to the plaintiffs; that subsequently on November 8 or 9, the plaintiffs received notice that West had made an assignment.

, The evidence in regard to West's pecuniary condition and the consequence of the defendant keeping the draft until West had become insolvent is described in the opinion.

At the close of the evidence the defendant requested the judge to make the following rulings:

"1. No legal relation existed between the plaintiffs and the defendant, and the plaintiffs are not entitled to recover.

"2. No legal relation existed between the plaintiffs and the defendant which imposed any duty upon the defendant toward the plaintiffs, and the plaintiffs are not entitled to recover.

"3. The damages alleged to have been suffered by the plaintiffs by the defendant's failure to return the draft are remote, and the plaintiffs are not entitled to recover.

"4. The plaintiffs were not the legal owners of the draft in question, and therefore cannot maintain suit against the defendant for failure to collect the draft, or to return the same if uncollected.

"5. On all the evidence in the case the plaintiffs are not entitled to recover."

The judge refused to rule as requested, and found for the plaintiffs in the sum of $123.51, the amount of the draft less twenty per cent which was payable to the plaintiffs from the assignee of West. The defendant alleged exceptions.

*T. H. Buttimer*, for the defendant.

*J. F. Wiggin & J. Wiggin*, for the plaintiffs.

BARKER, J. 1. The defendant concedes that in case of drafts or other negotiable paper intrusted to a bank for collection,

where from the necessity of the case some other agent must be employed the collecting bank is agent of the owner of the paper. See *Fabens* v. *Mercantile Bank*, 23 Pick. 330 ; *Phipps* v. *Millbury Bank*, 8 Met. 79, 82. Its first contention is that the plaintiffs had no legal title to the draft either as drawn or by any indorsement, and that because they could not sue on the draft they have no action against any party to whom it was transmitted for collection.

But in the present case the Second National Bank of Boston in whose favor the draft was drawn was content to receive the draft and to attempt its collection for the benefit of the plaintiffs and so became their agent in the matter. This distinguishes the case from *Allen* v. *Ayres*, 3 Pick. 298, and other cases cited for the defendant. There was the same privity between the plaintiffs and the defendant which is found wherever-a contract turns out to have been made by one of the contracting parties as an agent for an undisclosed principal.

2. While the draft was accompanied by a slip specially re- questing that it should not be protested, the letter of instructions also said " Return at once all items unpaid at maturity. They must not be held for the convenience of parties." The non-protest slip was not inconsistent with and did not waive these instructions. While the evidence tended to show that it was the practice of some banks to retain no protest items even where accompanied by instructions like those quoted it also showed that it was not the practice of all banks, and the presiding judge found that the evidence offered did not prove a custom. This made it competent for him to find that a failure to return the draft at once when it was not paid at maturity was negligence on the part of the defendant in dealing with the draft. The evidence abundantly justified a finding that the defendant both failed to return the draft as directed and held it for the convenience of the drawee in direct violation of instructions.

3. It cannot be said as matter of law that the plaintiffs' damages are remote. The drawee had property open to attachment to an amount much larger than the amount of the draft. The holding of the draft for nearly a month after maturity until he failed and made an assignment had as a natural consequence the entailment of a loss, which there is good reason to believe would

not have been incurred if the defendant had at once returned the draft as instructed to do when it was not paid at maturity. The keeping of it by the defendant had for its natural consequence the deprivation of the plaintiffs of all opportunity to collect it by an action against a debtor who had unincumbered property in his possession open to attachment and who did not intend to fail or make an assignment.

*Exceptions overruled.*