HARRY BLOOM *vs.* NUTILE-SHAPIRO COMPANY.

Suffolk.    December 5, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Bank. . Contract,* Construction, Performance and breach.    *Municipal Court of the City of Boston,* Report to Appellate Division.

The rule that, when a bank engages with a customer to transmit funds to another designated place, the assent of the principal to the employment by the bank of a subagent for that purpose is implied ·and the bank has performed its duties when the funds are transmitted to another bank in good standing and is not responsible for the misfeasance or negligence of such subagent, was *held* not to apply to exonerate from liability the defendant in an action by a customer against a bank which, in this Commonwealth, had received funds for transmission as roubles to a bank in Russia and had agreed to return to the customer in this country a bank book showing the deposit there, if the judge who heard the case refuses to find that the defendant transmitted the funds through a correspondent to the "Petrograd branch " of a bank in the city of New York with instructions that the same be turned over to " the government bank for deposit " and also refuses to find that the defendant in the transaction conformed to the ordinary business methods of banking institutions in the transmission of funds.

A judge of the Municipal Court of the City of Boston, who heard the action above described, reported the case to the Appellate Division and in his report stated: " The material evidence in the case was substantially as follows: " after which was a recital in narrative form of evidence introduced by both parties. Following this recital was a statement that certain requests by the defendant for findings as to transmission of funds were denied, that certain requests by the defendant for rulings of law were denied, and that the judge found that the plaintiff paid a certain sum of money to the defendant and in consideration thereof the defendant " agreed to procure a Russian government bank book showing a deposit of " a certain number of roubles " and to deliver said book to plaintiff in this country, and . . . that the defendant has failed to perform its contract; " and the judge found for the plaintiff.    *Held,* that

    (1) The judge was not bound to believe any testimony offered by the defendant;

    (2) The mere recital by the judge of evidence submitted to him fell short · of a finding that he believed that it established the facts which it was offered to prove;

    (3) The fair inference from the findings by the judge was that he did not believe that the contentions of the defendant had been sustained.

CONTRACT, with a declaration in two counts, described in the opinion, to recover $700 paid by the plaintiff to the de-

fendant for the transmission of funds to a bank in Russia. Writ in the Municipal Court of the City of Boston dated July 17, 1920.

The receipt given by the defendant to the plaintiff upon the deposit of the money read as follows:

Nutile-Shapiro Company — Bankers.

No. 30145                92 Salem, Street

Boston, Mass., Dec. 21, 1917.

Bond and Capital $100,00000.

Received — 5000 — Roubles From Mr. Gawril Aronow Bachmutsky Residing at 55 Auburn St., Boston, Mass. To be transmitted to Nikolajawskaja Gosudarst European)Wenna ja Skeregatelnaja Kassa Address) in Nikolajew-Chersongak Bank Book to be sent to America.

Steamship and Railroad Tickets.

Nutile-Shapiro is authorized by the State of Massachusetts and its operations are guaranteed with a bond delivered to the Treasurer of the Commonwealth-

Polsko-Litewsko-Russki Dom          Rbls. 5000
        Bankowy
                                            $700.00

Other evidence introduced and facts appearing at the trial of the action in the Municipal Court are described in the opinion. At the close of the evidence, the defendant made the following requests for findings of facts, among others:

" 1. On December 21, 1917, the plaintiff purchased of the defendant five thousand roubles and paid therefor $700."

" 4. The defendant transmitted through its correspondent, The State Bank of Boston, to the Petrograd branch of the National City Bank of New York, five thousand roubles, with instructions that the same be turned over to the government bank for deposit.

" 5. In transmitting the funds in the manner in which the same were transmitted, the defendant did all which it was called upon to do under the contract.

" 6. The defendant in this transaction has conformed to the ordinary business methods of banking institutions in the transmission of funds.

" 7. The defendant sold the roubles to the plaintiff at the current rate of exchange on the day on which the same were sold."

" 11. The defendant has not received back the roubles sent by it to Russia.

" 12. There is no evidence as to whether or not the money has been deposited in the government bank in Russia.

" 13. Since December, 1917, conditions in Russia have been so unsettled that it is impossible to communicate with the bank in Petrograd.

" 14. The defendant has made every effort to procure information in regard to this transaction.

" 15. The defendant has used due care in the method of transmission adopted by it."

The defendant also made the following requests for rulings:

" 1. Upon all the evidence the plaintiff is not entitled to recover.

" 2. If the plaintiff is entitled to refund in this action, he is entitled to five thousand roubles, not $700.

" 3. The plaintiff cannot recover in this action against the defendant.

" 4. If the defendant transmitted, through The State Bank to the Petrograd Bank in Russia for deposit in the government bank in Russia, five thousand roubles, it has done all which it is required to do under its contract.

" 5. The transmission of the roubles through the ordinary banking methods is a sufficient performance on the part of the defendant and it is not necessary that it should actually take five thousand roubles and send them through the mail or by messenger to Russia for deposit.

" 6. It is not necessary that the plaintiff should actually receive from the defendant five thousand roubles and hand them back to the defendant in order to effect the sale and fulfil the conditions set forth in the receipt.

" 7. If the plaintiff is entitled to any compensation from the defendant, it would be the delivery to him of five thousand roubles, not the payment of $700 and this the plaintiff cannot obtain in this action.

" 8. The acceptance of the receipt by the plaintiff estops him from denying that he paid to the defendant five thousand roubles.

" 9. There is no guarantee on the part of the defendant that the roubles will be deposited in the government bank in Russia and a book returned.

" 10. There is no evidence as to whether or not the money has been deposited in the government bank in Russia.

" 11. The burden of proving that the money is not deposited in the government bank in Russia is upon the plaintiff."

The trial judge found for the plaintiff in the sum of $700 with interest from January 1, 1919, and, at the request of the defendant, reported the case to the Appellate Division. In the report the trial judge stated that he refused to make the findings of fact and rulings requested by the defendant, and made the findings quoted in the opinion.

The Appellate Division ordered the report dismissed. The defendant appealed.

*V. C. Lawrence,* (*D. W. Donahue* with him,) for the defendant.

*S. A. Dearborn,* for the plaintiff.

CROSBY, J.   This action, brought in the Municipal Court of the City of Boston, is for the recovery of $700. The declaration is in two counts, the first upon a special contract by which it is alleged that the plaintiff deposited with the defendant $700; that in consideration thereof the defendant agreed to deposit five thousand roubles in a designated bank in Russia and obtain for the plaintiff a bank book, so called; that the defendant delivered to the plaintiff a receipt for the deposit; that the defendant has refused to deliver to the plaintiff a bank book or deposit to the plaintiff's credit five thousand roubles, and has failed to carry out the contract. The second count is for money had and received by the defendant to the plaintiff's use.

The receipt, dated December 21, 1917, is absolute in form, and provides for the transmission of the funds, and that the bank book be sent to America. On the receipt the following also appears, having been placed thereon by means of a rubber stamp: "If money orders cannot be effected, refund will be made at rate of exchange on day returned." It is the contention of the plaintiff that the foregoing was placed upon the receipt about a year after it was issued to him on an occasion when he called at the defendant's office and demanded his money. At the argument it was admitted by the defendant that the words stamped on the receipt were not there when delivered. The trial judge found for the plaintiff and reported the case, and the Appellate Division ordered that the report be dismissed.

It is the contention of the defendant that the nature of the contract was such that it was required to employ a suitable agent to transmit the funds and secure the bank book, which it did; and that it is not responsible to the plaintiff for the negligence or misfeasance of the agent so employed. It is settled in this Commonwealth that where the nature of the contract in which a bank engages necessitates for its execution the employment of subagents, the assent of the principal is implied. In *Fabens* v. *Mercantile Bank*, 23 Pick. 330, it was said at page 332, " It is well settled, that if the acceptor of a bill or promisor of a note, has his residence in another place, it shall be presumed to have been intended and understood between the depositor for collection and the bank, that it was to be transmitted to the place of the residence of the promisor, and the same rule shall then apply, as if on the face of the note, it was payable at that place . . . . We are therefore of opinion, that the defendants had performed their duty, when they transmitted the note to a solvent bank in good standing, and were not responsible for the misfeasance or negligence of that bank." The principle so enunciated has been affirmed in subsequent decisions of this court. *Dorchester & Milton Bank* v. *New England Bank*, 1 Cush. 177, 186. *Warren Bank* v. *Suffolk Bank*, 10 Cush. 582, 585. *Lowell Wire Fence Co.* v. *Sargent*, 8 Allen, 189, 191. *Murray* v.

*Postal Telegraph-Cable Co.* 210 Mass. 188, 194.   It does not appear, however, that the rule stated in the cases above referred to is applicable to the case at bar.

The report of the trial judge states that " The material evidence in the case was substantially as follows:" there is then a recital of evidence offered by the plaintiff and by the defendant, but the only findings of fact made by the court are after such recitals, and are contained in a single paragraph as follows: " I find that the plaintiff paid the defendant seven hundred dollars ($700) and in consideration thereof the defendant agreed to procure a Russian government bank book showing a deposit of five thousand (5000) roubles and to deliver said book to the plaintiff in this country, and I further find that the defendant has failed to perform its contract."   The judge was not bound to believe any testimony offered by the defendant.   *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314. He may have been satisfied that the defendant never purchased the roubles from the State Bank, or requested it to forward them to Russia in accordance with the terms of the receipt, and that the defendant retained possession of the $700 and made no attempt to carry out its agreement.   The mere recital by the judge of evidence submitted to him falls far short of a finding that he believed it established the facts which it was offered to prove.   The fair inference from his finding is that he did not believe that the contention of the defendant had been sustained.   It follows that he was not required to make the rulings requested, and that the entry must be

*Order dismissing report affirmed.*