COMMISSIONER OF BANKS *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.   March 24, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & WAIT, JJ.

*Contract,* For transfer of funds to foreign country, Performance and breach.

In an action of contract against an express company for money had and received to the use of the plaintiff, it appeared that the plaintiff in December, 1917, delivered to the defendant a sum of money in payment for a cable transfer of roubles to the Russo-Asiatic Bank in Petrograd, Russia, for the plaintiff's account, and that the defendant gave to the plaintiff a receipt therefor.   The plaintiff contended that no cable transfer ever was sent by the defendant in accordance with the agreement.   There was no evidence tending to show that the defendant had not sent the roubles in accordance with the agreement or that they were not afterwards placed to the plaintiff's credit in the designated bank in Petrograd, or that communications between this country and Russia were not open and uninterrupted when the agreement in question was made and for a considerable period thereafter.   *Held,* that

(1) To entitle the plaintiff to recover, he must maintain the burden of proving that the defendant had failed to send the funds by cable as agreed, and there was no evidence to prove that fact;

(2) There was no evidence of a failure of consideration which would enable the plaintiff to recover the amount paid to the defendant.

CONTRACT by the " commissioner of banks . . . in possession of H. Slobodkin Inc.," the plaintiff alleging " that the defendant owes H. Slobokdin, Inc., the sum of $13,450 for money had and received by the defendant to the plaintiff's use, together with interest thereon," in accordance with an account annexed. The account annexed was the receipt set out in the opinion. Writ dated September 16, 1921.

In the Superior Court, the action was tried before *Fosdick,* J. Material evidence is described in the opinion. At the close of the evidence, the plaintiff asked for the following rulings among others:

" 1. That there is no ·evidence that the defendant ever carried out or attempted to carry out its undertaking with the plaintiff.

" 2. That the court on the evidence presented direct a finding for the plaintiff in the sum of $13,450 with interest from December 26, 1917."

By order of the judge, the jury found for the defendant. The judge then reported the action for determination by this court.

*M. H. Sullivan,* for the plaintiff.

*S. Hoar,* for the defendant.

CROSBY, J. This is an action of contract for money had and received. The plaintiff is in possession of the business and property of H. Slobodkin, Inc., a corporation. It is not controverted that ˙on December 26, 1917, the treasurer of that corporation delivered to the defendant at its office in Boston $13,450 in payment for a cable transfer of one hundred thousand roubles to the Russo-Asiatic Bank in Petrograd, Russia, for account of H. Slobodkin, Inc.; and that a receipt for such payment was delivered to him by the defendant. The receipt was as follows:

" American Express Company
Foreign Exchange Department
New York, Dec. 26, 1917

Sold to H. Slobodkin Inc.
Boston
Ro. 100,000    Cable Transfer @ 1345              $13,450.00
                                        Cable Charges:.............

Payable to Russo Asiatic Bank, Petrograd,
    Russia............................   $13,450.00
For account of Yourselves
Through Azov Don Commerzbank, Petrograd
Payable New York and Petrograd

"Subject to the following conditions: This order for payment will be cabled at sender's risk and cost. The American Express Company assumes no responsibility for delays or censorship or other conditions of war beyond its control, nor for any loss occasioned by errors or delays in the transmission of the message by telegraph or cable companies, nor for the acts or omissions of the correspondents or agencies necessarily employed by the American Express Company in the transfer of this money, all risks for which are assumed by the sender. In the event of delayed payment, interest will be adjusted at the actual rate received by the Company from its foreign correspondent. Please notify us immediately in the event that these conditions are not satisfactory."

There is no evidence in the record to show that either of the parties has ever received any information from Russia respecting this transaction. Representatives of H. Slobodkin, Inc., have several times inquired of the defendant for information and have been unable to learn whether the hundred thousand roubles have been credited to its account, and there has also been correspondence between the parties with reference thereto. It is the contention of the plaintiff that no cable transfer was ever sent by the defendant in accordance with the agreement.

To entitle the plaintiff to recover, the burden of proof rests on him to show that the defendant has failed to send the funds by cable as agreed. There is no evidence that the promise to cable the money to Petrograd has not been fully carried out, nor is there any evidence to show that the money was not credited to the account of H. Slobodkin, Inc., in the bank at Petrograd in accordance with the agreement. The treasurer, who paid the money to the defendant to be transferred, testified that he had no information whatever whether "the transaction had been effected; and that he

did not remember ever communicating directly with the Russo-Asiatic Bank concerning this transaction." In other words, there is an entire absence of evidence to show that the roubles were not sent or that they were not afterwards placed to the credit of the sender in the designated bank in Petrograd; accordingly there was no evidence of a failure of consideration which will entitle the plaintiff to recover back the amount paid to the defendant.

The case of *Cohen* v. *Wintman*, 236 Mass. 471, relied on by the plaintiff, is not an authority in support of his contention that the defendant is liable. In that case the plaintiff delivered to the defendant money to be transmitted to a bank in Petrograd to procure a bank book for two thousand roubles, which was to be delivered to the plaintiff. There was ample evidence that the defendant never transmitted the money so received, and that he failed to deliver any bank book to the plaintiff.

The recent case of *Bloom* v. *Nutile-Shapiro Co.* 247 Mass. 352, also is to be distinguished. It was there found by the trial judge that the defendant, upon the payment to him by the plaintiff of $700, agreed to procure a Russian government bank book showing a deposit of five thousand roubles and to deliver the book to the plaintiff in this country; he also found that the defendant failed to perform his contract.

In the case at bar, the plaintiff has offered no evidence to show that the defendant did not make a cable transfer of the roubles in strict accordance with its agreement. It does not appear that communications between this country and Russia were not open and uninterrupted when the agreement in question was made and for a considerable period thereafter.

As the evidence would not have justified a verdict in favor of the plaintiff for the reasons stated, it follows that his requests for rulings were rightly denied.

*Judgment for the defendant on the verdict.*