SEMERS V. SKOPETZ *vs.* AMERICAN EXPRESS COMPANY.

Suffolk. November 19, 1924. — January 29, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, For transfer of funds to foreign country, Performance and breach. *Agency*, Existence of relation.

Where an express company received here a sum of money and gave a receipt, the meaning of which was that the receipt covered a payment with which the express company was to effect a deposit in the Government Savings Bank in Petrograd, Russia, of a certain number of roubles, "and they were to return a bank book or cause a bank book to be returned to" the depositor, the express company is authorized to transfer the roubles to the savings bank through its correspondent at Petrograd, or to use any means of transmission which is recognized as suitable among merchants and bankers.

At the trial of an action by the depositor against the express company in the circumstances above described, it appeared that the express company could have sent its own servants to the savings bank at Petrograd, and could have sent its draft on its correspondent direct to the savings bank. The express company in fact wrote its corre-

spondent in Petrograd, with whom it had necessary funds, to effect the deposit in the plaintiff's name and to send the book to it, the express company. Neither the plaintiff nor the defendant ever received a book from the correspondent in Russia and the plaintiff was without information as to whether the roubles stood to his credit in the savings bank in Russia and whether a bank book had been forwarded from there. *Held,* that

(1) It could not be said that the means of transmission adopted was not suitable and was not reasonably necessary to be employed;

(2) In the circumstances the defendant had the implied assent of the plaintiff to transmit the roubles through its correspondent in Petrograd;

(3) The correspondent of the defendant thus became the agent of the plaintiff when it received and recognized the direction of the defendant with regard to making the deposit;

(4) The express company was not responsible for the default or negligence of the correspondent.

CONTRACT for $797.59, money alleged to have been had and received by the defendant to the plaintiff's use. Writ dated October 23, 1922.

In the Superior Court, the action was tried before *Hammond,* J. Material evidence is described in the opinion. A verdict was returned for the defendant by order of the judge, and the case was reported to this court for determination with the agreement of the parties described in the opinion.

*J. M. Graham,* for the plaintiff.

*S. Hoar,* for the defendant.

PIERCE, J. This is an action for money had and received by the defendant to the plaintiff's use, amounting to $797.59. At the close of the evidence, on motion of the defendant, the judge directed a verdict in its favor, and reported the case to this court on the agreement of the parties that, " if the verdict for the defendant was wrongfully directed, judgment is to be entered for the plaintiff in the sum of $797.59 with interest from the date of the writ; but that if said verdict for the defendant was rightly directed, judgment is to be entered on the verdict as directed."

The undisputed facts as they appear in the report are as follows. On January 19, 1917, the plaintiff paid the defendant at its Boston office the sum of $797.59 and received a receipt, the material part of which read:

" Received of Semers V. Skopetz Ro 2690 — @ 29.65 valued at seven hundred ninety seven & 59/100 Dollars, Government Savings Bank Petrograd Russia.   Return bank book."

In explanation of this receipt counsel for the defendant stated in court to the judge " that this receipt is meant to cover a payment by the plaintiff to the defendant of $797.59, with which the defendant was to effect a deposit in the Government Savings Bank in Petrograd, Russia, of 2690 Russian roubles, which was the amount of Russian roubles which $797.59 would buy on that day at the rate of exchange of .2965, and they were to return a bank book or cause a bank book to be returned to the plaintiff."   The plaintiff went to the American Express Company three times to get the bank book, the first time within four months after he paid the money to the defendant, again after two years, and again after another two years.   He never got back his money or a bank book.   He never attempted to find out whether the roubles were in fact deposited in the bank in Petrograd, and he did not know that there was a revolution in Russia when this money was paid.

It appeared in evidence that the New York office of the American Express Company on January 23, 1917, wrote its correspondent in Petrograd, the Azoff Don Commerz Bank, as follows:

" Upon receipt of this letter, kindly arrange to effect the following, and in settlement debit us in account with your goodselves.

" #10 — To the Imperial Savings Bank of· Moscow, Russia, for the account of Mr. Frank S. McKonna . . . (RUBLES 130,000.00)

" #11 — To the Government Savings Bank of Petrograd, Russia, for the account of Vasily D. Grelchenko . . . (RUBLES 2,430.00)

" #12 — To the Government Savings Bank of Petrograd, Russia, for the account of Seman V. Skopetz . . . Peasant, speciman signatures of depositor herewith attached, the sum of . . . . . . . . . TWENTY SIX

HUNDRED NINETY RUBLES . . . . . . . . .
(RUBLES 2,690.00)

" Kindly obtain and send us bank books covering the above deposits."

On May 15, 1917, the correspondent wrote the defendant as follows: " Referring to your instructions of the 23-rd. January last (mail transfer No. 10.) & further to our telegram of the 16/29-th March, we cabled you to-day in these terms: ' We repeat our twenty ninth March Moscow Savings Bank refuses accept 130000 roubles account Mckenna without application written in Russian and nationality certificate Please cable instructions.' "

It further appeared in evidence that at all times the American Express Company had a sufficient amount of roubles to its credit on deposit with the Azoff Don Commerz Bank to cover all its outstanding obligations, including the one in question; that the American Express Company never received from the Government Savings Bank of Petrograd, Russia, a bank book covering the remittance in this case; that it has no information whether or not the deposit was made by the Azoff Don Commerz Bank, its correspondent, in the Government Savings Bank of Petrograd, Russia, for the plaintiff, or whether a bank book was forwarded from Russia. It was agreed that the plaintiff has never received the bank book, that he is without information as to whether the roubles stand to his credit in the Government Savings Bank of Petrograd, Russia, and whether a bank book has been forwarded from Russia. It was also agreed that the defendant could have drawn its draft on the Azoff Don Commerz Bank and sent it direct to the Government Savings Bank, Petrograd, Russia, with instructions to deposit the same to the credit of this plaintiff, and return the bank book.

The contract with the plaintiff required the defendant to transfer to the Government Savings Bank the roubles purchased of the defendant on January 19, 1917. This contract authorized the defendant to transfer the roubles to the Savings Bank through its correspondent at Petrograd, or to use any means of transmission which is recognized as

suitable among merchants and bankers. While in the case at bar the defendant could have sent its own servants to the savings bank at Petrograd, and could have sent its draft on its correspondent direct to the savings bank, it cannot be said that the means of transmission adopted was not suitable and was not reasonably necessary to be employed. In the circumstances we are of opinion the defendant had the implied assent of the plaintiff to transmit the roubles through its correspondent in Petrograd.

The correspondent being a suitable agency, and being in funds of the defendant, became the agent of the plaintiff when it received and recognized the direction of the defendant contained in the letter to it dated January 23, 1917; and the defendant had performed its duty and was not responsible for the default or negligence of the correspondent. *Fabens* v. *Mercantile Bank*, 23 Pick. 330. *Dorchester & Milton Bank* v. *New England Bank*, 1 Cush. 177. *Lord* v. *Hingham National Bank*, 186 Mass. 161. It is apparent that a bank book would not be issued and could not be returned or caused to be returned before the roubles were in fact deposited to the credit of the plaintiff in the savings bank in Petrograd, Russia; and it is clear that it was the duty of the subagent of the plaintiff, the correspondent of the defendant, to demand of the savings bank " the bank book " when it paid the roubles, and to cause the same to be sent to the defendant as the agent of the plaintiff. The defendant is not responsible for the default of the subagent, if it be in default, in this regard. We think the verdict was directed rightly for the defendant. *Commissioner of Banks* v. *American Express Co.* 249 Mass. 177.

In accordance with the terms of the report, " judgment is to be entered on the verdict."

*So ordered.*