### H. A. GOGARTY, INC. *vs.* T. D. DOWNING Co.

Suffolk.    April 7, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Payment. Volunteer. Contract,* Implied. *Agency,* Agent's liability to principal, Subagency.

A New York customs broker in general charge of clearing through customs the importations of a company into the United States was not responsible to the company for a mistake made by a Boston customs broker whom he, with the knowledge of the company, had engaged to handle its importations through the port of Boston; and, in the circumstances, in making a payment to the Boston broker to reimburse him for a sum of money which he had paid to a third person from his own funds to make good his mistake, the New York broker was only a volunteer and was not entitled to recover the payment from the Boston broker.

CONTRACT OR TORT. Writ in the Municipal Court of the City of Boston dated March 1, 1939.

There was a finding for the defendant by *Zottoli,* J. A report was ordered dismissed by the Appellate Division, and the plaintiff appealed.

*J. W. Eastman,* (*Joseph Joyce Donahue* with him,) for the plaintiff.

*S. Rice,* (*H. L. Ziegel* with him,) for the defendant.

LUMMUS J. The plaintiff is a customhouse broker licensed to do business at the port of New York, but not in Boston. The defendant is a similar broker licensed to do business at the port of Boston. The Nissho Co. Ltd. was an importer of goods from Japan, doing business in New York. The plaintiff had general charge of clearing through customs the importations into the United States of the Nissho Co. Ltd. When goods arrived at ports other than New York, the plaintiff was accustomed to transmit the necessary documents and instructions to local customhouse brokers. For about two years prior to 1937 the defendant, at the request and direction of the plaintiff, had cleared through customs at the port of Boston all the importations of the Nissho Co. Ltd. at that port, and the Nissho Co. Ltd. had knowledge of this relation, and in a letter to the American Woolen Company spoke of the defendant as "our broker."

On October 1, 1937, the plaintiff wrote to the defendant, enclosing a consular invoice with a bill of lading for goods referred to as Lot A and the plaintiff's certified check for $2,000 with which to pay the duty on Lot A. The letter directed the defendant to pay the duty and issue the delivery order to the American Woolen Company. On the same day the plaintiff sent a second letter to the defendant, and enclosed consular invoices and three bills of lading for goods referred to as Lot B. The letter directed the defendant to place the shipment in the Atlas Terminal Stores, without paying the duty, and send a nonnegotiable warehouse receipt, in the name of the National City Bank of New York, to the plaintiff. On the next day the defendant wrote two letters to the plaintiff, acknowledging the plaintiff's two letters and the directions contained in them.

The defendant deposited the plaintiff's check, and by mistake paid the duty on Lot B, sending it to the American Woolen Company at Lawrence. The defendant stored Lot A in the Atlas Terminal Stores. The American Woolen Company refused to accept Lot B, as that was the wrong lot. By letter of October 7, 1937, the plaintiff called the attention of the defendant to the mistake, and asked its correction. After some correspondence, the defendant got Lot B back

from the American Woolen Company and stored it in the Atlas Terminal Stores in the name of the defendant and not in the name of the National City Bank of New York. The defendant then paid out of its own funds the duty on Lot A and sent it to the American Woolen Company at Lawrence, the plaintiff having written that the Nissho Co. Ltd. "is unable to pay the duty on Lot A for the present."

The defendant refused to send the plaintiff the warehouse receipt for Lot B, until it had been reimbursed for the duty paid, amounting to $2,086.75, claiming a lien therefor which in good faith it believed that it had. On December 8, 1937, the plaintiff paid the defendant that amount. Later Lot B was placed by the defendant, under orders of the Nissho Co. Ltd., on a ship and exported out of the country. It was found that the duty paid could not be recovered from the United States. The plaintiff has never been reimbursed for the duty paid.

The plaintiff brings this action of contract or tort. The first count is evidently for breach of contract. The second count is for negligence whereby the plaintiff was damaged in its business reputation as a customs broker.

The defendant became the agent of the Nissho Co. Ltd. The employment of such an agent was necessary, for the plaintiff could not act as a customhouse broker at the port of Boston. Such employment was customary, and was known to the principal. In a case like this the plaintiff was not responsible to its principal for any misconduct of the defendant. *Dorchester & Milton Bank* v. *New England Bank*, 1 Cush. 177. *Lowell Wire Fence Co.* v. *Sargent*, 8 Allen, 189. *Darling* v. *Stanwood*, 14 Allen, 504. *Alemian* v. *American Express Co.* 237 Mass. 580, 584. *Bloom* v. *Nutile-Shapiro Co.* 247 Mass. 352, 356. *Skopetz* v. *American Express Co.* 251 Mass. 136, 140. The defendant as the agent of the Nissho Co. Ltd. was responsible directly to it for a violation of the directions. *Barnard* v. *Coffin*, 141 Mass. 37, 41. *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 272 Mass. 84, 89. See also *Appleton Bank* v. *McGilvray*, 4 Gray, 518.

Even if the defendant had a lien upon Lot B for the

duty paid, as it claimed to have, it was not in a position presently to sell the goods in satisfaction of its lien.  G. L. (Ter. Ed.) c. 255, §§ 26, 29.  The plaintiff was not liable for payment of the duty, either to the Nissho Co. Ltd. or to the United States.  The plaintiff reimbursed the defendant for the duty paid, as one of its letters stated, "in order to maintain a worth-while business relationship with our friends, the Nissho Company."  The plaintiff did not pay under protest, and did not at the time claim any right to get the payment back.

Under these circumstances we think that the payment was a voluntary one, that cannot be recovered back.  *Carey* v. *Fitzpatrick*, 301 Mass. 525, 527, 528.  *Hinckley* v. *Barnstable*, 311 Mass. 600, 604, 605.  Compare *B & B Amusement Enterprises, Inc.* v. *Boston*, 297 Mass. 307.

*Order dismissing report affirmed.*