### DAVID P. WOODRUFF *vs.* AMZI P. PLANT.

The holder of a bank check is bound to present it within a reasonable time; otherwise the delay is at his own peril.

But what is a reasonable time must depend upon the particular circumstances of the case.

And the time may be extended by the assent of the drawer, express or implied.

The plaintiff, desiring to make a remittance to a creditor at a distance, and there being no bank in the place where he lived, asked the defendant, who had an account with a banker in a neighboring city, to take the amount of him in bank bills and give him his check therefor, and the defendant, fully understanding the object, took the bank bills and gave the plaintiff his check upon the banker payable to the plaintiff's order, the defendant the same day depositing the bills with the banker. The plaintiff at once endorsed the check to his creditor and sent it by the next mail. It was three days before the check reached the place where the banker resided and was presented for payment, at which time the banker had failed and payment was refused. The plaintiff having taken up the check sued the defendant thereon. Held that the check was presented within a reasonable time in the circumstances, and that the defendant was liable.

The case could not be regarded as one of bailment.

ASSUMPSIT upon a bank check; brought to the Court of Common Pleas for Hartford County. The court made a finding of the facts and reserved the case for the advice of this court. The facts are sufficiently stated in the opinion.

*A. P. Hyde* and *W. S. Merrill*, for the plaintiff, cited, to the point that the check was presented for payment within a

reasonable time, *Bridgeport Bank* v. *Dyer*, 19 Conn., 136; *Daggett* v. *Whiting*, 35 id., 366; 1 Parsons' Notes and Bills, 271; 3 Kent Com., 104, note *c; Taylor* v. *Wilson*, 11 Met., 44; *Ames* v. *Merriam*, 98 Mass., 294; *First Nat. Bank* v. *Harris*, 108 id., 514; *Morrison* v. *Bailey*, 5 Ohio S. R., 13; *Mohawk Bank* v. *Broderick*, 13 Wend., 133; *Stephens* v. *McNeill*, 26 Barb., 652; *Rickford* v. *Ridge*, 2 Campb., 537; *Alexander* v. *Burchfield*, 7 Mann. & Grang., 1061; *Robinson* v. *Hawksford*, 9 Adol. & El., N. S., 51; *Hare* v. *Henty*, 10 Com. Bench, N. S., 64; *Prideaux* v. *Criddle*, Law Reps., 4 Queen's Bench, 454.

*Perkins* and *M. H. Holcomb*, for the defendant, cited, to the point that the check was not presented in season, 2 Parsons' Notes and Bills, 73, 79; Chitty on Bills, 385, *et. seq.;* Story on Bills, § 494; Byles on Bills, 20; *Harker* v. *Anderson*, 21 Wend., 372; *Chapman* v. *White*, 2 Seld., 412; *Smith* v. *Miller*, 43 N. York, 175; *S. C.*, 52 id., 545.

FOSTER, J. The parties to this suit resided in Southington, twenty-two miles from New Haven. They met together on the morning of the 24th of March, 1873, and in the settlement of some business transactions the defendant gave the plaintiff his check for $40 on E. S. Scranton & Co., a banking company in New Haven. The plaintiff then requested the defendant to give him another check for $425, counting out to him bank bills to that amount. The reason of the request was, that the plaintiff was indebted to one Goodwin, who resided at Lime Rock in Litchfield County, to whom he was about making a remittance, and he preferred to make it by a check rather than by bills. There was no bank at Southington. The plaintiff deposited the $40 check that day at a bank in Meriden, where he kept his bank account, and on the next day it was presented for payment and duly paid. The defendant gave the check for $425, as requested, taking bank bills of the plaintiff for that sum, which, with $125 more, the defendant, on the same day, deposited with Scranton & Co., on whom the checks were drawn. The plaintiff,

on the same day, enclosed the check for $425 to his creditor, Goodwin, at Lime Rock, who received it the next day, the 25th, and immediately deposited it in the National Iron Bank of that village for collection. This bank, by the next mail after its receipt, sent it to a bank in New Haven for collection, which bank received it on the afternoon of the 26th of March, and early on the morning of the 27th presented the same for payment, which was refused,—the banking house of Scranton & Co. having failed and closed its doors on the 26th. The check was duly protested for non-payment, and the requisite notices were given to all parties. The plaintiff paid Goodwin the amount of this check, and brings this suit to recover it from the defendant, who was the drawer.

Is the defendant liable ?

The defence is rested on two grounds. 1st. That this transaction was really a bailment. And 2d. That the delay in presenting the check discharged the drawer.

The claim that this transaction was a bailment is certainly not sustained by the finding. There was no agreement, no understanding between the parties that the defendant took the plaintiff's money to deposit the same with Scranton & Co., giving the plaintiff an order or check to enable him to receive it, and that when the defendant had done that his liability ended. Both parties doubtless had entire confidence in the pecuniary responsibility of Scranton & Co., and whether the defendant deposited with them the money he received for the check, or paid it out in his business, or kept it in his pocket, was a matter of entire indifference to the plaintiff. He probably bestowed not a thought on the subject, leaving the defendant to make such disposition of the money as might best suit his convenience or pleasure. True, the defendant deposited it, and other money, with Scranton & Co., on the same day he received it; but he also, on the same day, drew out $485.

There is nothing in the case to support the claim of a bailment; in fact that claim has not been very earnestly pressed, as it manifestly could not be, in view of the finding.

We pass to the second ground of defence, the delay in pre-

senting the check for payment. Has that delay discharged the defendant's liability ?

The facts on this point have already been stated, but it should be stated in addition, for the case finds, that the plaintiff told the defendant when he took the check, that it was to be sent away, and would not reach the bank in several days. The defendant replied that the money would be there to meet it. It may also be added, though perhaps no stress should be laid upon it, that the defendant's account at this time was some $4,000 overdrawn, so far as cash deposits were concerned. There was a deposit of bonds against which the defendant was entitled to draw, and the banking company were authorized to sell the bonds, being bound to furnish others in place of them when required, the account of the defendant being made good. These bonds of the defendant were sold by the banking company, but whether before or after the check was drawn does not appear. They were not credited to the defendant till the 26th of March, the day the house stopped payment. At that time they owed the defendant $999.25, including this check of $425, for the whole of which sum the defendant duly filed his claim in his own name against the members of this company in bankruptcy, after the commencement of this suit. A dividend of twelve and a half cents on the dollar, on their estate, has been declared, received by the defendant, and tendered to the plaintiff, who refused to receive the same.

There can be no dispute as to the law regarding the presentment of a check for payment in order to charge the drawer in case of dishonor. The holder is bound to present it within a reasonable time, and to give notice thereof within a like reasonable time; otherwise the delay is at his own peril. Story on Prom. Notes, § 493. This rule it may be said is indefinite, but it seems impossible to make it more certain and precise. What is a reasonable time will depend upon circumstances; and will, in many cases, depend upon the time, the mode, and the place, of receiving the check, and upon the relations of the parties between whom the question arises. Ib.; *Mohawk Bank* v. *Broderick*, 13 Wend.,

133. Here three days only elapsed between the giving of the check and its presentment for payment.

The particular circumstances attending this case we consider very important. The defendant knew that the plaintiff desired this check to make a remittance; that it was not to be immediately presented for payment; and would not reach the bank for several days. The case of *Daggett* v. *Whitney*, 35 Conn., 366, is certainly an authority to show, that what the understanding of the parties was at the time that the check was drawn and delivered enters into the contract. That the time for presentment may be extended by the assent of the drawer, express or implied, is well settled. *Alexander* v. *Burchfield*, 7 Mann. & Grang., 1061. (49 Eng. Com. Law R., 1060.) Here the time for presentment was extended by the assent of the drawer, not for a definite time, certainly, but for a reasonable time; and we are quite clear that a reasonable time had not expired when this check was presented for payment and dishonored.

We think the plaintiff is entitled to recover, and so advise the Court of Common Pleas.

In this opinion the other judges concurred.