SAMUEL R. GORDON *vs.* MAX LEVINE.

Suffolk.    January 14, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes.*

Where the drawer, the drawee and the payee of a check are all in the same city or town, the check should be presented for payment before the close of banking hours on the day after its delivery, and its circulation from hand to hand by indorsement does not extend the time for its presentment.

The dictum in *Taylor* v. *Wilson,* 11 Met. 44, 52, that a check may "be passed from hand to hand, and a reasonable time is allowed to each party receiving the same to present it for payment," is to be understood as referring only to the facts of that case where the check was sent to the payee in a city in another State and was forwarded for presentment in the usual course of business.

If a check on a bank in a city is drawn and delivered in that city on Saturday and is not presented for payment until the following Friday, when the bank on which it is drawn has failed and closed its doors, the drawer of the check is discharged from liability to the payee to the extent of any loss that he has suffered from the failure to present the check for payment before the close of banking hours on Monday.

MORTON, J.    This is an action upon a check by the plaintiff as payee against the defendant as drawer. The check was dated

December 30, 1905, which was Saturday, though there was some question whether it was actually drawn and delivered on that day or the 31st. The plaintiff is described in the writ as of Chelsea and the defendant as of Boston. The bank on which the check was drawn was in Boston and the check was drawn and delivered there. The plaintiff testified that the defendant asked him not to present the check for a couple of days as he did not have sufficient funds to meet it, but that he presented it Monday morning, January 1, and was told there were no funds. and that he went to see the defendant at his place of business but did not see him. The plaintiff also testified that in the afternoon of the same day he passed the check to one Saievitz in payment of a bill which he owed him, receiving the balance in cash. And there was testimony tending to show that on the next day Saievitz indorsed it to one Rootstein, who deposited it on January 4 in the Faneuil Hall National Bank in Boston for collection, and that that bank's messenger went with it on the afternoon of the following day, Friday, January 5, to the bank on which it was drawn, the Provident Securities and Banking Company, and found its doors closed. The plaintiff also testified that he told the defendant that the bank had failed, and that the defendant promised to make the check good. The defendant denied this, and also the plaintiff's statement that he had asked the plaintiff not to present the check for a couple of days, and introduced testimony tending to show that at the time when the check was drawn he had sufficient funds on deposit at the bank to meet it, and continued to have down to the failure of the bank. It was admitted that the bank failed on Friday, January 5, and the defendant introduced evidence tending to show that he had received no payment or dividend on account of his deposit. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the judge to give certain instructions that were requested, and to the admission of certain testimony.

The defendant, in substance, asked the judge to instruct the jury that a check must be presented for payment in a reasonable time, and that, in order to have been presented within a reasonable time, the check in suit should have been presented before the close of banking hours on Monday ; that its transfer to successive

holders would not extend the time for presentment, and a presentment on January 5 would not be within a reasonable time, and if the bank failed in the meantime and the defendant sustained a loss in consequence of delay in presenting the check, he would be discharged from liability to that extent. The judge gave in part the instruction thus requested, and refused it in part. He instructed the jury that the check must have been presented for payment within a reasonable time, and that if it was presented on Monday that would be within a reasonable time. But he refused to instruct the jury that the transfer to successive holders would not extend the time, or that a presentment on Friday was not within a reasonable time. On the contrary he instructed them that "the court had occasion to consider that in one case in this Commonwealth (referring, we assume, to *Taylor* v. *Wilson,* 11 Met. 44), and it is there stated that a check may also be passed from hand to hand, and a reasonable time is allowed to each party receiving the same to present it for payment." And after calling their attention to the provision of the statute (R. L. c. 73, § 209) that in considering what a reasonable time is "regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case," left it to them to determine whether the check was presented on Monday, or, if they were not satisfied that it was, then to determine whether if it passed from hand to hand and each one had a reasonable time to present it the presentment on Friday was within a reasonable time. For aught that appears the jury may not have been satisfied that the check was presented on Monday and may have found for the plaintiff on the ground that the presentment on Friday was within a reasonable time. The question is therefore distinctly raised whether a presentment on Friday could have been found to be within a reasonable time.

The general rule is as was stated by the judge and as is provided in the negotiable instruments act (R. L. c. 73, § 203) that a check must be presented for payment within a reasonable time after it is issued. If it is not so presented, and the drawer sustains a loss by reason of the failure of the drawee, he will be discharged from liability to the extent of such loss, continuing liable otherwise. This results from the nature of the instru-

ment which though defined in the negotiable instruments act (R. L. c. 73, § 202) as "a bill of exchange drawn on a bank payable on demand" is intended for immediate use (*Mussey* v. *Eagle Bank*, 9 Met. 306, 314), and not to circulate as a promissory note, and it consequently would be unjust to subject the drawer to the loss if any resulting from failure to present it for payment within a reasonable time. What is a reasonable time, however, still remains for consideration. The negotiable instruments act provides generally (R. L. c. 73, § 209), as the judge said, that "In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case." This, however, would not seem to lay down or to establish any new rule. The nature of the instrument and the facts of the particular case have always been considered in passing upon the question of reasonable or unreasonable time. In deciding, therefore, whether this check was presented within a reasonable time, if presented on Friday, resort must be had to the rules which have been hitherto established in similar cases. And one of the rules which has been established is, that where the drawer and drawee and the payee are all in the same city or town, a check, to be presented within a reasonable time, should be presented at some time before the close of banking hours on the day after it is issued, and that its circulation from hand to hand will not extend the time of presentment to the detriment of the drawer. If it is presented and paid afterwards the drawer suffers no harm. But if not presented within the time thus fixed, and there is a loss it falls not on him but on the holder. *Watt* v. *Gans*, 114 Ala. 264. *Simpson* v. *Pacific Ins. Co.* 44 Cal. 139. *Bickford* v. *First National Bank of Chicago*, 42 Ill. 238, 244. *Northwestern Coal Co.* v. *Bowman*, 69 Iowa, 150. *Cawein* v. *Browinski*, 6 Bush, 457. *St. John* v. *Homans*, 8 Mo. 382. *Grange* v. *Reigh*, 93 Wis. 552. *Gregg* v. *Beane*, 69 Vt. 22, 26. *Woodruff* v. *Plant*, 41 Conn. 344. *Kirkpatrick* v. *Puryear*, 93 Tenn. 409. *Parker* v. *Reddick*, 65 Miss. 242, 246. *Mohawk Bank* v. *Broderick*, 10 Wend. 304; *S. C.* 13 Wend. 133. *Carroll* v. *Sweet*, 128 N. Y. 19. *Bickford* v. *Ridge*, 2 Camp. 537. *Williams* v. *Smith*, 2 B. & Ald. 496. 2 Danl. Neg. Instr. (5th ed.) § 1595. Byles, Bills (Sharswood's

ed.) 80.   Chit. Bills (12th Am. ed.) 387.   Story, Prom. Notes, § 494.   Bigelow, Bills & Notes, 78.   Eaton & Gilbert, Commercial Paper, 632.

The case of *Taylor* v. *Wilson*, 11 Met. 44, relied on by the plaintiff, was a case where a check was drawn by one doing business in Charlestown and living in Roxbury on a bank in Charlestown in favor of a resident of Newport.   The check was dated September 30, 1842, which was Friday, and was received by the payee Saturday evening, October 1.   On Tuesday, October 4, having been previously cashed for the payee by a local bank, it was given by the cashier of that bank to a messenger to be carried to the Merchants' Bank at Providence in the usual course of remitting its funds and securities, and was received by that bank on Wednesday and sent by its cashier to the Suffolk Bank at Boston.   That bank received it on the next day, October 6, and presented it on the same day to the bank on which it was drawn and payment was refused, — the bank having closed its doors on Monday morning, October 3, and being insolvent.   The case was submitted to the court on agreed facts with power to draw inferences, and the court found in favor of the payee and against the drawer.   The court held in effect that under the circumstances there had been no laches, and that the check had been presented within a reasonable time.   There is a sentence in the opinion to the effect that a check may pass from hand to hand and that a reasonable time is allowed to each party receiving it to present it for payment, and the case has been cited to that point with approval in *Veazie Bank* v. *Winn*, 40 Maine, 60.   But we do not think that the court meant to lay down the rule, that, under any and all circumstances, each party receiving a check from a previous holder was entitled to a reasonable time to present it for payment, or that the case required that it should lay down such a rule.   On the contrary, the court expressly said that a party receiving a check was not guilty of laches if he did not present it on the same day on which it was drawn, but was allowed a reasonable time for that purpose, and that the next day was held to be such reasonable time.   The decision should be limited to the case before the court which was that of a check drawn on a bank in one place and sent to a payee in another place at considerable distance and forwarded for presentment in

the usual course of business, and, so understood and applied, was correct. It follows from what has been said that the exceptions must be sustained. The conclusion to which we have come on the principal question renders it unnecessary to consider the questions of evidence, though we may observe that we see no error in regard to them.

*Exceptions sustained.*

*N. Barnett*, for the defendant.
*F. P. Garland*, for the plaintiff.