DAVID C. SEAGER *vs.* WALTER A. DAUPHINEE & others.

Suffolk. March 29, 1933. — September 13, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Bills and Notes,* Certified check, Presentment.

Certification of a check procured by the drawer before delivery does not discharge him from liability to the payee thereon.

On findings that a check drawn on a bank in Boston and certified was delivered in Boston to the attorney of the payee on a Wednesday; that it was mailed the next day by the attorney from Plymouth, his residence, to the payee at Kingston, his residence; that on the following Tuesday the payee sent it to his bank at Plymouth for deposit to his account; that it was not forwarded to the drawee bank for collection or payment because the drawee bank closed its doors at the opening of business on that Tuesday; and that the check would have been paid if it had been presented at the drawee bank before the close of business on Monday, an inference was warranted that the payee had not exercised due diligence to present the check for payment within a reasonable time, as was required of him by G. L. (Ter. Ed.) c. 107, § 209.

BILL IN EQUITY, filed in the Superior Court on February 19, 1932.

The suit was heard by *Donahue*, J. Material facts are stated in the opinion. By order of *F. T. Hammond*, J., a final decree dismissing the bill was entered. The plaintiff appealed.

The case was submitted on briefs.

*M. Collingwood & H. R. Maraghy*, for the plaintiff.

*E. Brown*, for the defendants.

RUGG, C.J. The plaintiff by this suit in equity seeks relief against several defendants for loss occasioned to him because a certified check taken by him in part payment for conveyance of land was not paid. The material facts were found by the trial judge in substance as follows: The plaintiff executed a deed of land in Boston to the defendant Dauphinee, who was the nominee of the defendant Greenberg. The agreement for that conveyance called for the payment of $900 in cash and a mortgage for $4,300. The papers in the transaction were passed in the office of Greenberg in Boston at about eleven o'clock in the forenoon of Wednesday, December 9, 1931. The plaintiff was not present. The attorney for the plaintiff took from Dauphinee a note and mortgage for $4,300 and from Greenberg a check on the Federal National Bank of Boston for $900 dated December 9, 1931, drawn and procured to be certified before delivery by Greenberg. The plaintiff's attorney lived in Plymouth and the plaintiff in the adjoining town of Kingston. The certified check was mailed to the plaintiff by his attorney on Thursday, December 10, 1931. The plaintiff had no mail delivery service but got his mail by going to the post office, to which he made no regular trips. The plaintiff, on Tuesday, December 15, by messenger, sent the check to the Old Colony National Bank in Plymouth for deposit to his account. The messenger was there informed that the Federal National Bank had suspended business and the check was not forwarded to the latter bank for collection or payment. The Federal authorities took charge of the Federal National Bank as of the opening of business on December 15, 1931, its directors

having voted to request such action after the close of business on Monday, December 14, 1931. If the check had been presented at the Federal National Bank before the close of business on December 14, it would have been paid.

The trial judge found and ruled that the plaintiff waited an unreasonable length of time before delivering the check to his own bank for collection; also ruled that when the check was certified by the Federal National Bank such certification constituted acceptance, that the plaintiff had a remedy upon the check against the Federal National Bank and must be remitted to that remedy, and ordered the entry of a final decree dismissing the bill. From that final decree the plaintiff appealed.

The case comes before us on appeal from final decree dismissing the bill. There is no report of the evidence. The findings of fact by the trial judge must therefore be accepted as true, since they are not inconsistent one with another. *Granlund* v. *Saraf*, 263 Mass. 76, 79. *Booras* v. *Logan*, 266 Mass. 172, 174. *Peabody* v. *Dymsza*, 280 Mass. 341, 342. The entry of a final decree dismissing the bill imports the drawing of all rational inferences against the plaintiff so far as necessary to that result. *Nelson* v. *Wentworth*, 243 Mass. 377, 379. Such decree must be affirmed if it could lawfully have been entered on the facts found. *First Baptist Society in Brookfield* v. *Dexter*, 193 Mass. 187, 189. *Briggs* v. *Sanford*, 219 Mass. 572, 573. The case has been argued on the theory that the check was payable or indorsed to the order of the plaintiff and we treat the case accordingly.

It is provided by G. L. (Ter. Ed.) c. 107, § 209, that "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay," and by § 20 that in determining what is a reasonable time "regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case." This is in substance the common law rule. *Gordon*

v. *Levine*, 194 Mass. 418, 421.  Procurement of certification of the check by the bank by the maker of the check before delivery did not discharge him from liability to the plaintiff.  *Minot* v. *Russ*, 156 Mass. 458, 461.

The bald question therefore is whether it can be said as matter of law on this somewhat meager record that the check was "presented for payment within a reasonable time after its issue."  If it was not thus presented, the loss must fall upon the plaintiff as the payee or holder.

The general rule is usually stated to be that where the payee receives a check at a place distant from the place of payment, he must in the absence of unusual circumstances forward it by post or other recognized method of transmission to some person at the place of payment on the next secular day after it is received, and the person to whom it is thus forwarded must present it for payment on the next secular day after it has reached him in regular course.  If not thus presented, loss arising from the delay falls upon the payee or holder.  2 Dan. Neg. Inst. (6th ed.) § 1592, note 6 and cases collected; 5 R. C. L. 510, notes 18 and 19; 8 C. J. § 754, note 43.

The check here in question was not presented to the Plymouth bank of the plaintiff for transmission to Boston, the place of payment, until the fifth secular day after it was delivered.  If it had been so presented on the third day after its delivery, it doubtless would have been presented to the Federal National Bank and paid before its doors were closed.  This is not a case where, if reasonable diligence had been exercised, it is apparent that it would not have been presented before the failure of the bank on which it is drawn.  *Taylor* v. *Wilson*, 11 Met. 44.  It is a case of delivery in Boston of a check drawn on a Boston bank where parties live within a radius of fifty miles of that city and where the check was not presented to the bank on which it is drawn within four secular days thereafter.  The drawing of the inference that due diligence had not been used to present the check within a reasonable time was permissible.

*Decree affirmed with costs.*