TERMINAL GAS & SUPPLY COMPANY *vs.* MEDFORD AUTO COMPANY.

Middlesex.    April 5, 1933. — March 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Payment*, By check. *Bills and Notes*, Check.

In an action for goods sold, the only issue was whether the defendant had paid for the goods. It appeared that the defendant delivered to the plaintiff a check for the price of the goods, which the plaintiff deposited in his bank; that in due course the check was forwarded from

the plaintiff's bank to a national bank and by it to the Federal Reserve Bank, which sent the check to the drawee bank with other checks drawn thereon and received in return a cashier's check of the drawee bank for the amount of all the checks; that the drawee bank immediately marked the defendant's check paid and charged the amount of it to his account, and closed its doors the next day; that the defendant's check, so marked, later was sent to him; that payment was refused on the cashier's check, whereupon the amount of the defendant's check was charged successively by the Federal Reserve Bank to the national bank, by it to the plaintiff's bank and by it to the plaintiff's account; that the defendant at all times had on deposit in the drawee bank ample funds to meet the check, so that, had the Federal Reserve Bank demanded cash for the check it would have received cash; and that the plaintiff never received any money on account of the check. *Held,* that

(1) The Federal Reserve Bank was not an agent of the defendant;

(2) Irrespective of whether the Federal Reserve Bank was an agent of the plaintiff as owner of the defendant's check and of whether the plaintiff's bank had become owner thereof, the Federal Reserve Bank was rightfully in possession of the check for collection in behalf of the owner;

(3) Acting in that capacity, it was the duty of the Federal Reserve Bank to demand and receive cash from the drawee bank, and acceptance of anything else was at the peril of the Federal Reserve Bank;

(4) In the circumstances, by receiving a cashier's check instead of cash from the drawee bank, the Federal Reserve Bank became the owner of the proceeds of the collection and as owner had mingled the proceeds with its other funds;

(5) The defendant had made effectual payment by check for the goods, and the plaintiff could not recover.

CONTRACT. Writ in the First District Court of Eastern Middlesex dated May 27, 1932.

The action was heard in the District Court by *Brooks*, J., upon an agreed statement of facts. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $1,026.98 and interest, and reported the action to the Appellate Division for the Northern District. The finding was vacated and judgment for the defendant was ordered entered. The plaintiff appealed.

*W. W. Risk*, for the plaintiff.

*A. E. Lewis*, for the defendant.

RUGG, C.J. This case was tried upon a statement of agreed facts in substance as follows: This is an action of contract for merchandise sold and delivered by the plaintiff to the defendant. The items in the declaration are not

in dispute, and the only question is that of payment.  On Saturday, October 3, 1931, the defendant mailed to the plaintiff three checks, drawn on the Medford Trust Company, the defendant being the maker, aggregating the amount of its indebtedness.  The defendant had at all times between October 3, 1931, and October 11, 1931, funds in the Medford Trust Company, subject to check, in excess of the amount of these checks.  On the morning of October 5, the plaintiff received the checks and deposited them in the Charlestown Trust Company.  The Charlestown Trust Company forwarded them to the Atlantic National Bank on the same day, and on October 6 they were forwarded from the Atlantic National Bank to the Federal Reserve Bank.  The Federal Reserve Bank on October 6, 1931, sent by messenger to the Medford Trust Company checks drawn on it, including these three checks, and this messenger received in return a properly executed cashier's check of the Medford Trust Company, payable to the Federal Reserve Bank, in approximately the sum of $123,000, drawn on The National Shawmut Bank of Boston, representing the balance due by the Medford Trust Company to the Federal Reserve Bank on its clearings, and on the same day the Medford Trust Company charged the checks here in issue to the maker (the defendant in the present case), stamped the checks "paid" and afterward, sometime between October 7 and 10, delivered the checks to the maker.  The Medford Trust Company closed October 7 at 11 A.M.  The Federal Reserve Bank, on October 7 at 10 A.M., presented the $123,000 check to The National Shawmut Bank of Boston for payment.  The National Shawmut Bank of Boston refused payment, asserting it was drawn against some uncollected funds, and about twelve o'clock noon, October 7, notified the Federal Reserve Bank that the Medford Trust Company had been taken over by the State.  Neither the Medford Trust Company nor the Charlestown Trust Company is a member of the clearing house or of the Federal Reserve Bank.  The Federal Reserve Bank then charged the checks back to the Atlantic National Bank, which in turn charged them back to the Charlestown Trust

Company, and it in turn charged them to the plaintiff. The plaintiff has not received any sums of money on account of said checks.

The case has not been argued on the footing that the Charlestown Trust Company received the checks indorsed without restriction and gave credit for them to the plaintiff as its regular depositor as cash in a drawing account without further understanding and thereby became the purchaser of the checks. *Taft* v. *Quinsigamond National Bank,* 172 Mass. 363. *Burton* v. *United States,* 196 U. S. 283, 302–303. Neither party has relied upon that principle. This decision has been rendered without consideration of that principle and without determining whether the facts would warrant its application.

It is plain that so far as concerns the defendant the checks were paid. When the checks were presented by the Federal Reserve Bank to the Medford Trust Company, the latter was conducting business as usual. If cash had been demanded for them, it would have been given, because the defendant had to his credit in the Medford Trust Company funds in excess of the total of the checks. The checks were surrendered to the Medford Trust Company, and the Federal Reserve Bank received, instead of cash, a cashier's check of the Medford Trust Company for the total sum due on its clearings. The checks of the defendant were thereupon by the Medford Trust Company stamped as paid, charged to the account of the defendant and delivered to it. The Federal Reserve Bank was not the agent of the defendant. It is not necessary to determine whether the Federal Reserve Bank was the agent of the plaintiff as owner of the checks, *Lord* v. *Hingham National Bank,* 186 Mass. 161, or whether the Charlestown Trust Company had become owner of the checks, *Salem Elevator Works, Inc.* v. *Commissioner of Banks,* 252 Mass. 366, 370. In any event, the Federal Reserve Bank was rightfully in possession of the checks for collection in behalf of the owner. For its own convenience it chose to accept the cashier's check of the Medford Trust Company instead of demanding and receiving money. If it had demanded and

received cash, the defendant would have been discharged of all liability because its checks would have been paid. So far as concerns the defendant, the duty of the Federal Reserve Bank was to accept cash, and acceptance of anything else was at its peril. By receiving a cashier's check instead of cash in the circumstances, the Federal Reserve Bank became the owner of the proceeds of the collection and as owner had mingled the proceeds with its other funds. The checks of the defendant were paid. *Whitney v. Esson,* 99 Mass. 308. *Nineteenth Ward Bank v. First National Bank,* 184 Mass. 49. *Hecker-Jones-Jewell Milling Co. v. Cosmopolitan Trust Co.* 242 Mass. 181, 185. *Federal Reserve Bank v. Malloy,* 264 U. S. 160, 165–166. *Douglas v. Federal Reserve Bank,* 271 U. S. 489.

> *Order of Appellate Division that judgment be entered for defendant affirmed.*