WILLIAM E. SPENCER *vs.* BOLESLAW BURAKIEWICZ
& another.

Worcester.   September 26, 1933. — October 23, 1934.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Bills and Notes*, Holder, Holder in due course, Drawer, Check, Presentment. *Contract*, Validity. *Practice, Civil*, Appeal.

Where, in an action of contract in a district court, the defendant did not plead the defence of illegality of the instrument upon which the plaintiff declared and did not raise the issue of illegality by requests for

rulings or otherwise at the hearing of the action, that issue was not open to the defendant as of right at the argument before this court of an appeal by him from an order by an appellate division dismissing a report by the trial judge after a finding for the plaintiff.

Where the payee of a check, not being a party to any fraud or illegality affecting it, the next day after receiving it indorsed it to a bank and received the amount of it in cash from the bank, the bank became a holder in due course of the check; and, the check not having been paid and the payee having subsequently secured possession of it from the bank under some arrangement with it, the payee, by reason of G. L. (Ter. Ed.) c. 107, § 81, succeeded to all the rights of the bank on the check against the drawer.

A check, drawn on a bank in a city in which the drawer had his place of business, was delivered on December 13 to the payee at his farm in a town twelve miles from the city. The payee on December 14 cashed the check at a bank in another town. On December 15 the drawee bank closed its doors, and the check was not presented for payment nor paid. The drawer at all times had on deposit at the drawee bank sufficient funds to meet the check in full. *Held,* that

(1) A conclusion, that a reasonable time for presenting the check to the drawee bank, within the meaning of G. L. (Ter. Ed.) c. 107, § 209, did not expire until the close of banking hours on December 15, was warranted;

(2) On the facts, the circumstance, that no presentment was made, was immaterial on the question, whether the drawer was discharged from liability by reason of said § 209;

(3) The facts warranted a conclusion that the drawer did not suffer loss as a result of delay in the presentment of the check for an unreasonable time;

(4) The drawer was not discharged from liability on the check by reason of said § 209.

CONTRACT. Writ in the Central District Court of Worcester dated March 19, 1932.

The action was heard in the District Court by *Munroe,* J. Material findings by him are stated in the opinion. He found for the plaintiff in the sum of $139.53. A report to the Appellate Division for the Western District was dismissed. The defendants appealed.

*H. J. Meleski,* for the defendant.

*J. H. Reid,* for the plaintiff, submitted a brief.

DONAHUE, J. The defendants on the morning of December 13, 1931, by the hands of a third party, delivered to the plaintiff at his home in Sutton, Massachusetts, a check dated December 10, 1931, drawn by the defendants on the Bancroft Trust Company at Worcester and payable to the order of the

plaintiff. The check was given in payment for milk which had earlier been sold by the plaintiff to the defendants. On the day after the delivery of the check, that is, on December 14, the plaintiff at noon took the check to the Millbury Savings Bank, indorsed it and received therefor cash in the amount of the check. On the morning of the following day, December 15, the Bancroft Trust Company closed its doors and the check was not presented there for payment. Between the dates of December 10 and December 15 the defendants had on deposit with the trust company funds sufficient to meet the check. At some time after December 15 the plaintiff secured possession of the check from the Millbury Savings Bank under some arrangement which does not appear on the record. A judge of a district court found for the plaintiff and reported the "finding of the court for the plaintiff on the law and facts as found by the court" to the Appellate Division where an order was entered dismissing the report.

The check upon which suit has been brought was delivered to the plaintiff on a Sunday and the defendants have argued before us that the plaintiff should not have been permitted to recover because of the fact of the violation of the statute which prohibits the transaction of business on the Lord's Day. G. L. (Ter. Ed.) c. 136. The defence of illegality was not pleaded by the defendants and is therefore not now open to them as of right. *Raymond* v. *Phipps*, 215 Mass. 559. Furthermore, it would appear that the question was not presented by the defendants at the trial in the District Court. At any rate there was no general request by the defendants for a ruling that the plaintiff was not entitled to recover and none of the requests for rulings there made by them has any reference to illegality of the contract which is expressed by the check. For that reason, as well, the defendants are not entitled to have that question considered on review. *Reid* v. *Doherty*, 273 Mass. 388. *Caruso* v. *Shelit*, 282 Mass. 196. *Segal* v. *Allied Mutuals Liability Ins. Co.* 285 Mass. 106. If the matter were properly before us on the report, the failure of the trial judge of his own accord to inject the defence of illegality could not have been held to be reversible error.

*Cardoze* v. *Swift*, 113 Mass. 250. *O'Brien* v. *Shea*, 208 Mass. 528, 535. *Whittingslow* v. *Thomas*, 237 Mass. 103.

The plaintiff is the "holder" (G. L. [Ter. Ed.] c. 107, § 18) of the check on which he has brought suit. His right to sue thereon (G. L. [Ter. Ed.] c. 107, § 74) is not affected because the details of the arrangement with the savings bank whereby he reacquired possession of it do not appear in the record. *Newell* v. *Rosenberg*, 275 Mass. 455, 460. We are not here concerned with the question of fraud, as to which there is no evidence and no contention by the defendants, or with the question of illegality which is not now open to them. The title under which the plaintiff held the instrument at the time he brought suit was derived through the savings bank which had paid him its face value and had taken it with his indorsement and thereby became a holder in due course. G. L. (Ter. Ed.) c. 107, §§ 75, 80. The plaintiff upon reacquisition of the check having derived title from such a source, not being a party to any fraud or to any illegality of which the defendants may now take advantage, "has all the rights of such former holder in respect of all parties prior to the latter." G. L. (Ter. Ed.) c. 107, § 81. Among the rights possessed by the savings bank as a holder in due course was the right to receive payment of the check upon presentation for payment within a reasonable time after its delivery. G. L. (Ter. Ed.) c. 107, § 209. To this right of the savings bank, the source of the plaintiff's present title, he has succeeded.

The defendants would be discharged from liability as drawers to the extent of any loss suffered by them which was caused by delay in the presentation of the check for payment if it were not presented within a reasonable time after its issue, G. L. (Ter. Ed.) c. 107, § 209, that is, within a reasonable time after its delivery to the plaintiff (§ 18). The statutory rule for the determination of what is a reasonable time, providing that "regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case" (§ 20), is in substance the common law rule. *Seager* v. *Dauphinee*, 284 Mass. 96. By our decisions, in

general accord with decisions elsewhere, what is a reasonable time in certain circumstances as to the residence or business location of the drawer, drawee and payee of a check and as to the time intervening between its delivery and its presentation for payment, has been determined. Thus "where the drawer and drawee and the payee are all in the same city or town, a check, to be presented within a reasonable time, should be presented at some time before the close of banking hours on the day after it is issued, and . . . its circulation from hand to hand will not extend the time of presentment to the detriment of the drawer." *Lowell Co-operative Bank* v. *Sheridan*, 284 Mass. 594, 598. Where, however, a check is received by the payee at a place distant from the place of payment, there is presentment within a reasonable time if the payee, on the next secular day after its receipt, forwards it to some person at the place of payment and that person presents it to the drawee for payment on the next secular day after his receipt of the check from the payee. *Seager* v. *Dauphinee*, 284 Mass. 96. In the present case the drawers and the drawee had their places of business in the city of Worcester but the payee lived on his farm in a town twelve miles distant from and not adjoining that city. The delivery of the check was made to the payee at his farm. On Monday, the next secular day following the delivery of the check, the payee negotiated it at a savings bank in a neighboring town and on the morning of the following secular day, Tuesday, the drawee bank was closed. There is no sound reason for holding that the savings bank in these circumstances should be in any worse position with regard to presentment for payment within a reasonable time than a bank located in the city of Worcester which under like circumstances had, on Monday, received the check from the plaintiff for collection. Under the rule last stated we do not think that it could be said as matter of law that such Worcester bank would not have had until the close of banking hours on Tuesday to make presentment to the drawee bank. The defendants delivered to the plaintiff an instrument which by its terms they made negotiable. He

had the right to negotiate it. Its negotiation cannot be permitted to extend what was otherwise a reasonable period of time for its presentment for payment to the detriment of the drawers. On the other hand there is no reason why the mere fact of negotiation should be held to shorten the period of reasonable time for its presentment. On the facts in this particular case it cannot be said that the trial judge erred in finding that presentment of the check for payment by the savings bank at any time during banking hours on Tuesday would have been within a reasonable time.

The matter of the presentment of the check for payment in the circumstances of this case has significance not because that step was necessary in order to create a liability on the part of the defendants, who as makers had become parties primarily liable on the instrument (§ 93), but because if the check should not be presented for payment within a reasonable time after its issue the defendants to the extent of a resultant loss, if any, would be discharged from their already existing liability. Inasmuch as the trial judge might properly have found that, before a reasonable time after the issuance of the check had elapsed, the doors of the bank had been closed, and that within the balance of such reasonable time no presentment could have been made, the fact that no presentment was ever made is of no consequence (§ 105). The conclusion that loss to the defendants did not result from delay in the presentment of the check for an unreasonable time was warranted. The savings bank, a holder in due course, acquired the right to recover on the check and that right now rests in the plaintiff.

*Order dismissing report affirmed.*