EVA F. MANNING *vs.* WATERTOWN CO-OPERATIVE BANK.

Middlesex.    May 21, 1935. — June 27, 1935.

Present: PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Payment.*

A debt was not paid by the creditor's taking the debtor's check, then good, on condition that credit was to be given only upon his receipt of the proceeds, if he promptly forwarded it for collection, but never received the proceeds because of failure of the drawee and another bank.

BILL IN EQUITY, filed in the Superior Court on June 11, 1932.

The suit was referred to a master, whose report was confirmed. A final decree was entered by order of *Walsh,* J., adjudging that the plaintiff's debt to the defendant had been paid and ordering it to deliver to her the mortgage note, cancelled, and a discharge of the mortgage. The defendant appealed.

*D. J. Triggs,* (*J. D. O'Connell* with him,) for the defendant.

*C. A. McCarron,* for the plaintiff.

QUA, J.    The issue in this suit is whether or not the plaintiff has paid off a mortgage which the defendant held on her real estate.

The decisive findings of the master may be summarized as follows: On December 10, 1931, the plaintiff handed to the defendant's teller her own uncertified check drawn on the Inman Trust Company for the amount due on the mortgage. The teller told the plaintiff in substance that as her check was not certified, it could not be accepted as payment, "but that the defendant would put it through for collection and that when the proceeds were received by it her note and mortgage would be discharged." Nothing else was said as to the manner in which the check should be collected. The plaintiff had been employed for many

years in Boston banks and had had experience as a teller's assistant and in taking deposits from large concerns. No discharge of the mortgage or acknowledgment of payment in any form was given to the plaintiff. The bank did not make the entries or follow any of the practices which were customary when a mortgage was paid. On December 11, 1931, the defendant's assistant treasurer took the check to the Union Market National Bank, the defendant's depositary, and gave instructions to collect it and to notify the defendant when the proceeds had been received. Thereafter the check passed to the Federal Reserve Bank of Boston which on December 12 mailed it "for collection and returns" to the Inman Trust Company, where it arrived on December 14. The Inman Trust Company charged the amount of the check to the plaintiff's account, in which there were sufficient funds, marked it "paid" and later returned it to the plaintiff. On December 14 the Inman Trust Company mailed to the Federal Reserve Bank its draft on the Federal National Bank for the amount of the plaintiff's check. Before the opening of business on the following day both the Federal National Bank and the Inman Trust Company had closed their doors. The defendant has never actually received any proceeds of the plaintiff's check.

At the end of his report the master makes the following "Recapitulation of Findings": "1. I find that the check of the plaintiff was given to and accepted for collection by the defendant which was to discharge the plaintiff's note and mortgage when it received the proceeds. 2. I find that the defendant followed the general practice then established in its efforts to collect the check. 3. I find that the check was not collected by the defendant because the Federal Reserve Bank did not demand its payment by the Inman in cash."

We think the findings of the master will not support either a ruling or an inference that the plaintiff's mortgage was paid. The plaintiff, with her banking experience, must have understood that putting the check through for collection meant sending it through banking channels in the usual course. The master finds that the defendant did this.

The check was handled throughout as a collection item. By express stipulation the mortgage was to be paid only when "the proceeds were received by" the defendant bank. There is no principle of law which prevents the parties concerned from imposing such a condition. *Federal Reserve Bank of Richmond* v. *Malloy,* 264 U. S. 160, 164. This condition was not satisfied when the Federal Reserve Bank received a bad draft from the Inman Trust Company. It required the receipt by the defendant of money or its equivalent in lieu of its mortgage. The intent as shown by the words used was to place upon the plaintiff the entire risk of the check, both as to payment by the drawee and as to remittance of the proceeds to the defendant.

This is not the ordinary case where a creditor accepts his debtor's check in silence and therefore takes it on the implied condition that it shall operate as payment, if on presentment it shall prove to be good. *Taylor* v. *Wilson,* 11 Met. 44, 51. *Wasilauskas* v. *Brookline Savings Bank,* 259 Mass. 215, 218. Here there was an express condition not only that the check must be good, but also that at the end of the contemplated process of collection the defendant must get the proceeds. Payment of the check alone would not satisfy this condition. This makes it unnecessary to determine whether or not what was done constituted a payment of the check (see *Nineteenth Ward Bank* v. *First National Bank of South Weymouth,* 184 Mass. 49) and distinguishes the case from *Terminal Gas & Supply Co.* v. *Medford Auto Co.* 285 Mass. 528, upon which the plaintiff relies.

The principle of cases holding that the payee of a check makes it his own by delay in presenting it, so that if the drawee bank fails, the loss falls upon him and not upon the drawer (*Gordon* v. *Levine,* 194 Mass. 418; *Lowell Co-operative Bank* v. *Sheridan,* 284 Mass. 594) has no application to this case. If the plaintiff's check is to be regarded as having been paid, delay was immaterial. If it was not paid, that was not the defendant's fault. By agreement of the parties the defendant was not to become the beneficial owner of the check at any time. It carried out its part of the agreement.

It is not chargeable with any negligence on the part of its subagents. *Fabens* v. *Mercantile Bank,* 23 Pick. 330. *Bloom* v. *Nutile-Shapiro Co.* 247 Mass. 352, 356. *Exchange National Bank of Pittsburgh* v. *Third National Bank of New York,* 112 U. S. 276, 281.

We need not deal with the demurrer or with other questions argued. Nor do we intend to imply anything as to what, if any, rights the plaintiff may have against parties other than the defendant.

The final decree must be reversed and a final decree entered dismissing the bill with costs.

*Ordered accordingly.*