ATLANTIC BUILDING WRECKING CO. *vs.* MARYLAND CASUALTY COMPANY.

Essex.   May 26, 1936. — June 30, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Contract,* Construction, Implied, With respect to deposit as collateral security. *Pledge. Negligence,* Of pledgee. *Actionable Tort.*

In an action of tort or contract, with a count for negligence of the defendant in not collecting a certified check drawn by the plaintiff payable to the defendant on a bank which subsequently failed and a count for money had and received in the amount of the check, a verdict could not properly have been ordered for either party since the evidence warranted either findings that the defendant had accepted the check as the equivalent of money and as a deposit and that he became a debtor of the plaintiff at a later time when he should have returned the deposit, in which case his failure to collect the check was immaterial, or a finding that the defendant was to hold the check itself as a pledgee, in which case a ruling that he was negligent in failing to collect it would not be proper.

CONTRACT OR TORT.   Writ in the Superior Court dated April 21, 1932.

The action was tried before *Williams,* J., who refused to order a verdict for the plaintiff and ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*L. Kobrin & H. L. Solar,* for the plaintiff.

*J. W. Blakeney, Jr.,* for the defendant.

LUMMUS, J.   There was evidence tending to prove the following facts. The plaintiff, on July 31, 1931, asked the defendant to become insurer under the workmen's compensation law with respect to a job of work in Adams Square in Boston which the plaintiff had contracted to perform.

The plaintiff, to induce the defendant to become insurer, agreed to deposit with the defendant $2,000, which was to be used in payment of any valid claims for compensation. On the same day the plaintiff gave to the defendant a check for $2,000, payable to the defendant, drawn on the Revere Trust Company, which, as required by the defendant, had been certified by the Revere Trust Company. The defendant accepted this check as a satisfaction of the agreement to deposit $2,000. The check was charged against the plaintiff's account in the bank when certified on July 31, 1931, but was never collected by the defendant.

On August 10, 1931, the job having been completed, the plaintiff asked the defendant to return the $2,000. The defendant declined to return it for at least thirty days, because of the possibility of claims for compensation. On August 17, 1931, the plaintiff having undertaken for the Columbia Construction Company, Inc., another job of work in Haverhill which required a bond, and having consulted the defendant about furnishing one, at the request of the defendant the plaintiff wrote the following letter, which was prepared by and addressed to the defendant: "In connection with the $2000.00 which was deposited with you on the Compensation policy which you wrote in connection with the razing of the Adams Square Subway Station for the City of Boston I hereby request that when you are willing to release that deposit of $2000.00 you transfer the same to the Bonding Department of your Company to be held as collateral security in connection with the bond written in our behalf in favor of the Columbia Construction Company, Inc." In fact the last mentioned bond was never issued.

On September 10, 1931, thirty days having passed since the completion of the Adams Square job, the plaintiff asked the defendant for the $2,000, and was told that when the matter was checked up the defendant would mail a draft to the plaintiff, first deducting the premium for the insurance. On or about September 20, 1931, and afterwards, the plaintiff asked for the money, but did not get it. Later, on October 13, 1931, the Revere Trust Company became insolvent and closed its doors. On October 17, 1931, the

defendant mailed back to the plaintiff the certified check, without indorsing it, and it was received by the plaintiff on October 19, 1931. The plaintiff did not know until it received the check back that it had not been collected. The plaintiff tendered it back to the defendant, and asked for $2,000 in money, less the premium, but got nothing.

This action is in contract or tort. The first count is in tort for negligence in not collecting the certified check. The second count is for breach of contract in not returning the check at the expiration of thirty days after the completion of the job on August 10, 1931. The third count is for $2,000 for money had and received to the plaintiff's use. The fourth count is substantially the same as the third count, but in the form of an account annexed.

The judge refused to direct a verdict for the plaintiff, but directed a verdict for the defendant. The plaintiff excepted.

The jury could have found that the relation of debtor and creditor existed between the defendant and the plaintiff to the extent of $2,000. If so, the failure of the defendant to collect the check is immaterial, for it was accepted as the equivalent of money. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86. *Seager* v. *Dauphinee*, 284 Mass. 96. *Cochrane* v. *Zahos*, 286 Mass. 173, 176. There was error in directing a verdict for the defendant.

The plaintiff contends that it was entitled to a directed verdict in its favor. But the defendant's evidence tended to show that the check itself was to be held by the defendant, and not collected except in case of necessity. If this should be found, the defendant would be a pledgee, not a debtor, and could not be held negligent as matter of law. In *Seager* v. *Dauphinee*, 284 Mass. 96, (see also *Lowell Cooperative Bank* v. *Sheridan*, 284 Mass. 594,) the certified check was to be collected presently, not retained uncollected. There must be a new trial, and the entry will be simply

*Exceptions sustained.*